# SUPREME JUDICIAL COURT

FOR THE

## COUNTY OF WORCESTER, OCTOBER TERM 1869, AT WORCESTER.

━━━━

PRESENT:

Hon. REUBEN A. CHAPMAN, Chief Justice.
Hon. HORACE GRAY, Jr.,
Hon. JOHN WELLS,
Hon. JAMES D. COLT, } Justices.
Hon. SETH AMES,

---

Joseph Wall vs. John Mason & others.
Ann Lynch vs. Joseph Wall & others.

A grantee of land, who, through neglect to record his deed, has had the land taken from him on an execution issued upon a judgment rendered against his grantor in an action on a debt secured by a mortgage of the grantor's other land, may maintain a bill in equity against his grantor and the judgment creditor, to be subrogated, to the extent of his loss by the levy, to all the rights of the latter under the mortgage, not required for the full satisfaction of the debt.

A. granted land to B. and C.; they mortgaged it to D.; and C. conveyed his equity of redemption to B. E. sued C., attached his equity as having been conveyed in fraud of his creditors, and recovered judgment. C. went into insolvency; the attachment was continued on motion of the assignee of his estate in insolvency; and, upon a sale of the equity on execution, E. bought it, and took a deed of it from the officer. But meanwhile F. had levied on the land an execution issued upon a judgment recovered by him against A. in an action on a debt secured by a mortgage of A.'s other land; and held it adversely to A. and those claiming under him, by reason of the neglect of B. and C. to put their deed from A. on record. *Held*, that, to a bill in equity filed by B. against A. and F.,

praying to be subrogated to the rights of F. under the mortgage of the other land, D. and E. should be made parties. *Held, also,* on a cross bill filed by E., that E. was not entitled to be subrogated to those rights jointly with B.

The FIRST CASE was a bill in equity, filed March 13, 1860, by Joseph Wall against John Mason and Joseph Thayer.

The SECOND CASE was a cross bill, filed in January 1868 by Ann Lynch, who, under the name of Nancy Burke, had then been joined as a defendant in the original bill.

The bill in the first case alleged that, on December 12, 1857, the defendant John Mason, for a valuable consideration, conveyed land in Rutland to the plaintiff Joseph Wall and to Thomas Wall, by a warranty deed with the usual covenants, and Thomas Wall afterwards conveyed all his interest in this land to the plaintiff, but that, through ignorance of law, neither the plaintiff nor Thomas Wall caused these deeds, or either of them, to be recorded in the registry of deeds for this county until " about the time of the filing of this bill;" that, after both said conveyances, the defendant Thayer at December term 1859 of the superior court for this county brought suit against Mason on a promissory note dated February 28, 1857, and made payable one year after date, and at the same term recovered judgment therein and took out execution on the judgment, and caused the execution to be levied on the land; and that the whole of the land was set off to Thayer under the levy, and the execution was returned satisfied; but that the plaintiff was nevertheless residing on the land. It further alleged that payment of this promissory note was secured by a mortgage deed, of even date therewith, executed by Mason to Thayer, of other land of Mason, situate in Worcester, and still owned by Mason; and that the mortgage remained a lien on this other land. And it prayed that the plaintiff might be subrogated to the rights of Thayer under the mortgage, and Thayer might be compelled to assign the mortgage to him; offered to redeem the land in Rutland from the levy of the execution, and prayed for authority to do so; and finally prayed for general relief. The defendants demurred to the bill, "1. for want of equity; 2. for that the plaintiff showed no privity between him and the defendants or

either of them, nor any interest in the subject of the suit,. which entitled him to discovery or relief; 3. for that the bill showed that the mortgage was extinguished and discharged by the levy, so that Thayer had no rights to which the plaintiff could be subrogated, or which could be assigned to the plaintiff; 4. for that the plaintiff omitted to record his deeds as required by law, through no fault of the defendants, but through gross negligence, from the consequences of which he had no ground of relief in equity." The case was thereupon reserved for the determination of the full court, and argued at October term 1860

*C. Devens, Jr., & G. F. Hoar*, ( *G. Swan* with them,) for the defendants. It is not the usage of courts of equity to grant relief against such negligence and ignorance of statute law as the bill discloses. Story Eq. §§ 105, 111. *Bank of the United States* v *Daniel*, 12 Pet. 32. *Penny* v. *Martin*, 4 Johns. Ch. 566. *Warren* v. *Jennison*, 6 Gray, 559. The remedial power of such courts does not extend to the supplying of a circumstance, for the want of which the legislature has declared an instrument void. Rev. Sts. *c.* 59, § 28. Story Eq. § 177. Admitting that the deed from Mason, when recorded, would operate as a conveyance of his right to redeem from the levy of the execution, the plaintiff has no claim to an assignment of other security held by Thayer. The creditor does his whole duty in releasing his title to the estate levied upon to the party rightfully redeeming it from the levy according to the statute. Gen. Sts. *c.* 103, §§ 26–30. *Butler* v. *Taylor*, 5 Gray, 455. The mortgage debt was extinguished and discharged by the return of the execution satisfied, and Thayer has no right to which the plaintiff can be subrogated. *Holman* v. *Bailey*, 3 Met. 55, 57. *Burke* v. *Miller*, 4 Gray, 114. *Warren* v. *Jennison*, 6 Gray, 559. The mortgage is not such independent and collateral security as may survive the discharge of the debt for the purpose of an assignment to another creditor or surety paying the debt; nor from the mode by which the creditor obtained payment is there any presumption of an intention on the part of the plaintiff to effect a purchase of the mortgage. Story Eq. § 499. Cruise Dig. (Greenl. ed.) tit. 15, *c.* 1, § 14, and note. *Holman* v. *Bailey*, 3 Met. 55, 57. *Warren* v *Jennison*, 6 Gray,

559. In the absence of precedents of relief in such cases as this, the court will regard the policy of the registry laws in facilitating and rendering certain the transfers of real estate, and will discourage, as a public injury, whatever tends to impair the completeness and utility of public records.

*D. Foster & G. W. Baldwin*, for the plaintiff, cited *Copis* v. *Middleton*, 1 Turner & Russell, 224, 231; *Root* v. *Bancroft*, 10 Met. 44; *Mathews* v. *Aikin*, 1 Comst. 595; *Eddy* v. *Traver*, 6 Paige, 521; *Warren* v. *Jennison*, 6 Gray, 559; *Dering* v. *Winchelsea*, 1 Lead. Cas. in Eq. (3d Am. ed.) 78, and notes; *Aldrich* v. *Cooper*, 2 Lead. Cas. in Eq. (3d Am. ed.) 56, and notes; *Lathrop & Dale's Appeal*, 1 Penn. State, 512; *Kyner* v. *Kyner*, 6 Watts, 221; *Hayes* v. *Ward*, 4 Johns. Ch. 123; *Richardson* v. *Washington Bank*, 3 Met. 536; *Kelly* v. *Page*, 7 Gray, 213; Story Eq. §§ 499, 633, 1227.

CHAPMAN, J. The doctrine of subrogation has long been established in courts of equity, and is well sustained by the authorities cited in the brief of the plaintiff's counsel. It is not founded in contract, either express or implied, but is resorted to for the sake of doing justice between the parties. It has been applied by courts of equity to a great variety of cases, and courts of law also apply it as far as their methods of proceeding will permit. The case of *Hart* v. *Western Railroad Co.* 13 Met. 99, is an example. In that case an insurance company, by paying the loss, were held to be subrogated to the right to bring an action for a tort, in the name of the assured; and his discharge of the action was held to be void. They recovered the judgment to their own use. And although, as between the debtor and creditor, the debt may be extinguished, yet, as between the person whose property has been taken to pay the debt, and the other parties, the debt is kept alive so far as may be necessary to preserve the securities.

In the present case, the plaintiff, by neglecting to record his deed, left his land exposed to be attached and taken on execution by the creditor of his grantor. It has been taken and set off by the defendant Thayer. The plaintiff has thus paid his grantor's debt, which the grantor ought to have paid himself

and it is but just that he should have the benefit of the security which his grantor had previously given to the creditor for the debt.

It is alleged that he was negligent in not recording his deed. But this allegation comes with a bad grace from these defendants. He may have been negligent as to his own interest, but he has not been so as to either of them. They have nothing to complain of; and no wrong can possibly be done to either of them, by transferring to him the securities which the creditor held. *Demurrer overruled.*

The defendants Mason and Thayer thereupon filed an answer December 3, 1860, in which they admitted the execution of Mason's deed of the land in Rutland, on December 12, 1857, to the plaintiff and Thomas Wall; denied that Thomas Wall's deed to the plaintiff was recorded before the filing of the plaintiff's bill, and alleged that it was made without consideration, and with intent, both on his part and the plaintiff's, to defraud his creditors and particularly Nancy Burke, who had sued him for breach of promise of marriage, and caused all his interest in said land to be attached on her writ December 18, 1858, and whose action was still pending; denied that the omission to record either deed was from ignorance of law, and alleged that on the contrary it was with the intent to deceive and defraud the grantees' creditors, and particularly Nancy Burke; admitted the plaintiff's allegations as to the action of the defendant Thayer against the defendant Mason, and the levy of Thayer's execution on the land; alleged that in said action the land was attached on the writ, but subsequently to Nancy Burke's attachment of Thomas Wall's interest; and finally alleged that Thayer acquired a legal title under the levy of his execution, and that Nancy Burke should be made a party to the bill.

On April 12, 1862, by consent, a supplemental answer was filed, which alleged that, on December 12, 1857, the same day on which Mason made his deed of the land in Rutland to the plaintiff and Thomas Wall, they executed a mortgage of the land to George W. Rugg; that what Nancy Burke attached on her writ

against Thomas Wall December 18, 1858, was his right to re-
deem the land from this mortgage; that since the filing of the
former answer judgment had been rendered in her favor in her
action against Thomas Wall, and he had taken the benefit of
the law for the relief of insolvent debtors, and William A. Wil-
liams had been appointed assignee of his estate in insolvency
and in that capacity had appeared and prosecuted her action;
that the lien created by her attachment had by order of the court
been continued for the benefit of Thomas Wall's creditors, and
so the said assignee had levied execution, taken out under her
judgment, on Thomas Wall's equity of redemption so attached,
and said equity had been sold on the execution, April 13, 1861,
and bought at the sale by Nancy Burke, and the execution had
been returned partly satisfied; that Nancy Burke had proved
her judgment debt against the estate of Thomas Wall in insol-
vency; that said Thomas had taken the oath for the relief of
poor debtors; and finally that George W. Rugg, as mortgagee
of the land, and William A. Williams, as the assignee in insol-
vency, as well as Nancy Burke, should be made parties to the
bill.

The plaintiff joined issue on these answers; and the parties
agreed on the following statement of facts: " The following are
the precise dates of the conveyances and transactions referred
to in the bill and answers: Deed of John Mason to Joseph Wall
and Thomas Wall, dated December 12, 1857; recorded Feb-
ruary 25, 1860. Deed of Thomas Wall to Joseph Wall, dated
December 13, 1858; acknowledged December 18, 1858; re-
corded April 29, 1860. Attachment of Nancy Burke against
Thomas Wall December 18, 1858; judgment November 16,
1860; seizure on execution December 14, 1860; deed of sheriff
to Nancy Burke, dated April 13, 1861, and recorded May 13,
1861. Attachment of Joseph Thayer against John Mason No-
vember 2, 1859; judgment January 25, 1860; seizure on execu-
tion, levy, and setting off of the land, February 24, 1860. First
publication of the notice of the insolvency of the estate of
Thomas Wall, November 16, 1860."

The case was heard, on the pleadings and these agreed facts, by *Merrick*, J., who reserved for the determination of the full court " the questions, whether the allegations of the answer and the supplemental answer, taken in connection with the agreed facts furnished, afford a defence to the plaintiff's bill, and also whether any and what new parties should be joined ; if in the opinion of the court they constitute a defence, the cause to stand for trial; otherwise, such new parties to be joined, and on such terms, as the court may order; and such decree to be entered as in the opinion of the full court the law requires." On this reservation the case was argued at September term 1862.

*D. Foster & T. L. Nelson*, for the plaintiff, on the question of parties to the bill, argued : 1. As to Nancy Burke. On March 13, 1860, when the bill was filed, she had only an attachment on the land in Rutland, in a suit pending and undecided. Until April 13, 1861, when she bought the equity of redemption and took her deed from the sheriff, she could not be a party. *McDonald* v. *Capron*, 7 Gray, 278. But Thayer's execution had been levied February 24, 1860, and on February 24, 1861, all right of redemption was extinguished. 2. As to the assignee of the insolvent estate of Thomas Wall. The proceedings in insolvency were not begun until November 16, 1860, eight months after the filing of the bill. He intervened only to prosecute Nancy Burke's action ; and, as her levy and deed were void, he is not a necessary party. All interest in the land has gone from both of them, by the perfection of Thayer's title under the levy. 3. As to the mortgagee Rugg. If he is a necessary party, he will come in voluntarily.

*G. F. Hoar & G. Swan*, for the defendants.

CHAPMAN, J. It appears that the defendant Mason conveyed the land described in the bill, to the plaintiff and Thomas Wall, by deed dated December 12, 1857, but not recorded till February 25, 1860; and that Thomas Wall conveyed his moiety to the plaintiff by deed dated December 13, 1858, but not recorded till April 29, 1860 ; that the defendant Thayer, having a note against Mason, sued him and attached the land as his property November 2, 1859, before the registration of the deeds, and levied his

execution February 24, 1860, whereby the plaintiff has lost the land; that Thayer's note was at the same time secured by a mortgage of other land; and therefore the plaintiff prays that he may be subrogated to the rights of Thayer under the mortgage. A demurrer to the bill has been overruled, and the defendants have filed an answer and a supplemental answer, upon which the question is raised whether there ought not to be new parties to the suit.

The defendants allege that the plaintiff and Thomas Wall, on the day of Mason's conveyance to them, mortgaged the land to George W. Rugg, and insist that he ought to be made a party. They allege also that Nancy Burke, having a claim against Thomas Wall, sued him and attached his interest in the land December 18, 1858; that judgment was obtained in her suit and her execution was levied on the right of Thomas Wall to redeem Rugg's mortgage; and the right was conveyed to her by the officer. Her attachment was subsequent to the deed of Thomas Wall to the plaintiff; but it is alleged that the conveyance of Thomas was fraudulent as against his creditors, and that her title is good. It is insisted that she ought also to be made a party.

The court are of opinion that both these persons should be made parties. The ground of this suit is, that the plaintiff has an equitable claim to the security in the hands of Thayer, because his property has been taken to pay Thayer's note. Of course his claim must be limited by the amount of his property which has been thus taken. If it shall turn out that Thayer, not knowing of Rugg's mortgage, has taken the land without making any deduction on account of it, he has taken less of the plaintiff's property in value than he would otherwise have done, and his debt is but partially paid. And he has a right to require further that the amount of the incumbrance shall be established in this suit, in such a manner as to bind Rugg. Otherwise, the amount of the incumbrance may be estimated at one sum in this suit, and at a very different sum on a bill to redeem Rugg's mortgage. The utmost that the plaintiff can claim is that he shall be subrogated to the rights of Thayer to an amount

equal to the value of his land over and above the mortgage of Rugg.

And if Nancy Burke has acquired a good title to the moiety of Thomas Wall, on the ground that his deed to the plaintiff was fraudulent, then the plaintiff has lost only his own moiety of the right to redeem. But it is important to the defendants to have the title of Nancy Burke settled in this suit in such a manner as to bind her. Otherwise, the plaintiff may in this suit recover the value of her moiety on the ground that the deed of Thomas to him was not fraudulent, and, in a subsequent suit between her and Thayer, she may hold the title on the ground that the deed was fraudulent. Thus the plaintiff would obtain by subrogation a security that Thayer ought to retain.

The answer alleges that the plaintiff and Thomas Wall omitted to record their deed for the purpose of defrauding their creditors, and especially Nancy Burke; and the plaintiff contends that this, if established, is a good defence to the suit. But it is not necessary at this stage of the case to decide whether the maxim " He who hath committed iniquity shall not have equity " is applicable to the case; for the allegation is quite indefinite.

Leave is granted to the plaintiff to file a supplemental bill making George W. Rugg and Nancy Burke parties to the suit, and setting forth the facts relative to their respective claims.

*Ordered accordingly.*

After this decision, in March 1864, the plaintiff filed a supplemental bill against Nancy Burke, (who meanwhile had been married, and now bore the name of Ann Lynch,) and against George W. Rugg; and they appeared and filed answers. Rugg, in his answer, admitted that he took a mortgage of the land in Rutland from the plaintiff and Thomas Wall, December 12, 1857, and alleged that he took it in good faith, and that it was subsisting and valid. Mrs. Lynch, in her answer, substantially repeated the allegations of fact made by the defendants Mason and Thayer in their answers, and alleged that in equity she ought to be subrogated to one undivided half of Thayer's rights in the mortgage of the land in Worcester.

At October term 1867, a motion, made in behalf of Mrs. Lynch, to commit the case to a master, was overruled, THE COURT giving, as a reason for such order, " that, in the condition in which the pleadings then were, no decree in her favor could be made, and that there was no ground for investigating the facts set forth in her answer."

THE SECOND CASE was thereupon commenced January 17, 1868, by her filing a cross bill against Joseph Wall, Mason, Thayer and Rugg, in which she alleged that, under the name of Nancy Burke, she sued Thomas Wall and attached on her writ, December 18, 1858, all his right of redeeming the land in Rutland from Rugg's mortgage; the insolvency of Thomas Wall; the survival of the attachment, and the prosecution of her action to final judgment by the assignee of his estate in insolvency; her purchase of the equity of redemption at the sheriff's sale on the execution, and the conveyance thereof to her by the sheriff; and that by virtue of said proceedings she would have acquired title to an undivided half of the land in Rutland, subject only to Rugg's mortgage, but for the previous levy of Thayer's execution thereon, all the facts resulting in and relating to which she alleged substantially as they appeared in the first case, to all the pleadings and proceedings, whatsoever, in which, she made reference; and she prayed to be subrogated jointly with Joseph Wall to all Thayer's rights in the mortgage of the land in Worcester, and that Thayer might be compelled to assign that mortgage to them. This cross bill was taken for confessed against Thayer and Rugg; but Joseph Wall and Mason severally filed answers, denying generally all her allegations of fact, and insisting that, even if they were true, she was not in equity entitled to relief; and Mason further insisting that Thomas Wall, and William A. Williams, the assignee in insolvency, ought, on the facts alleged, to be joined as defendants, and the cross bill was therefore insufficient for want of proper parties. The plaintiff filed a general replication.

At the hearing at April term 1869, *Ames,* J., overruled Mason's objection to the cross bill for want of additional parties

and reported the case for the determination of the full court, "upon the bill and answers, and whether the allegations of the bill, taken in connection with the various deeds, records and documents mentioned in the report, or referred to in either of the original, supplemental or cross bills or answers, are sufficient to entitle the plaintiff to relief as prayed for."

The report first set forth the substance of all the pleadings and proceedings in both cases; then a list of "dates of the conveyances and transactions above referred to," which differed in the following particulars from the similar list agreed on by the parties at the second hearing of the first case, namely, in stating the date of Thayer's attachment of the land in Rutland, in his action against Mason, as November 28, 1859, instead of November 2, 1859; the date of the first publication of the notice of the insolvency of Thomas Wall's estate as November 17, 1860, instead of November 16, 1860; and the date of the record of the sheriff's deed to Nancy Burke as May 18, 1861, instead of May 13, 1861. It then set forth that the verdict in the action of Nancy Burke against Thomas Wall was rendered March 16, 1860, and the action was continued until, on the plaintiff's motion December 11, 1860, at a subsequent term of court, it was ordered that judgment should be entered therein as of November 16, 1860, which was in a former term, and judgment was entered accordingly; that the insolvency of Thomas Wall was suggested in the action November 21, 1860, at said former term, and the order of the court for the survival of the attachment for the benefit of his creditors was passed December 13, 1860; that Nancy Burke was the only creditor who proved a claim against his estate, though other creditors were named in his schedule; and that no assets came into the hands of the assignee, except such, if any, as came by the survival of the attachment. Finally, it set forth the overruling of the objection that the bill was insufficient for want of other parties; and it concluded with the reservation above quoted.

*W. A Williams,* for the plaintiff, asked leave, at the argument, to amend her cross bill by alleging that she bought all the interest of the assignee in the land in Rutland before the sale of the

equity of redemption on execution, if such an allegation should be considered material to her rights.

*G. F. Hoar,* for Mason.

*T. L. Nelson,* for Joseph Wall.

CHAPMAN, C. J. The original bill in favor of Joseph Wall against John Mason and Joseph Thayer, was brought to establish a right of subrogation to the title of the defendant Thayer in certain property which Thayer held in mortgage. It was held that the plaintiff Lynch ought to be made a party, because she had set up a claim to share with Wall the right of subrogation. Having been brought in, she brings this cross bill for the purpose of establishing her right.

The plaintiff contends that she was a creditor of Thomas Wall, and that his conveyance to Joseph was fraudulent as to creditors. On the 18th of December 1858, a short time after the conveyance, she attached his interest in the land. Thomas went into insolvency; his assignee prosecuted the plaintiff's action to judgment for the benefit of creditors under the statute; and the interest of Thomas, subject to Rugg's mortgage, was sold to the plaintiff on execution April 13, 1861. We have to consider whether the plaintiff, by virtue of these proceedings, acquired a right to share with Joseph in the right of subrogation which had accrued to him on the 24th of February 1860, by virtue of the levy of Thayer's execution.

The right of a creditor to take land on execution after it has been fraudulently conveyed by his debtor is established and regulated by statute; but such right is nowhere extended beyond an interest in the land itself. If Joseph Wall had made a prior conveyance of the land itself to an innocent purchaser, and thereby defeated the attachment, there is no provisi/ n of the statutes, by which, in consequence of the attachment and levy, the creditor would become entitled to a moiety of the money he received for it; or if Thayer had immediately yielded to Joseph's claim of subrogation, and transferred his mortgage to him, and he had collected the money, no ground is stated upon which the plaintiff could have recovered a moiety of it from Joseph.

As the case stands, she has attached the land as a creditor of Thomas, and, after judgment against him, has purchased what she claims to be his interest, on the execution. But she has obtained no title, because Thomas had no title. When she took her deed, the land was held adversely to Thomas by Thayer under a better title, by her own showing. She also contends that her attachment was valid as against Joseph, because his deed was not recorded and she had no notice of the conveyance. But this is immaterial, because it appears by her bill that Thayer held adversely by a better title. Her claim to subrogation is not strengthened by this fact. Her position is unlike that of Joseph, who was in possession, claiming title under deeds, when the land was taken from him by Thayer. He had something which could be the basis of a right of subrogation; but she has nothing, for the levy of her execution was a nullity in respect to the land, and a right of subrogation must arise from an actual title to the property taken by Thayer.

Nor is she aided by the title of the assignee, on the ground that the conveyance of Thomas to Joseph was fraudulent as against the insolvent laws. It is admitted, in her argument, that the conveyance of Thomas to Joseph was sufficient to prevent the estate from coming to the assignee on that ground, being nearly two years prior to the assignment. Therefore, if she were to amend her bill as she proposes, by alleging that she became the owner of all the interest of the assignee before the sale of the equity, it would not aid her.

*Cross bill dismissed, with costs.*