ANDERSON J. LYNN *vs.* CHARLES H. RICHARDSON and others.

Kennebec. Opinion September 23, 1886.

*Equity. Mortgages. Surety.*

Where the surety on a mortgage debt pays the same to the holder and receives the note and mortgage, without any assignment or discharge written thereon, he can not maintain a bill in equity against the owners of the equity of redemption, praying, that the mortgage " may be decreed to be still subsisting, that he may be subrogated to the rights of the mortgagee therein and may be empowered to foreclose the same according to law."

On report of bill in equity to which a general demurrer was filed.

The bill sets out that the plaintiff and defendant Richardson, bought certain real estate in Farmingdale, March 12, 1872, for one thousand dollars, of which each was to pay one-half; that the plaintiff paid his half and Richardson paid two hundred dollars on account of his half, and both joined in a note and mortgage to their grantor for balance, three hundred dollars, with the agreement that Richardson should pay it; that November 28, 1879, Richardson gave the other defendants a mortgage deed of one-half the premises, which mortgage is outstanding; that September 28, 1885, Richardson filed his petition in insolvency; that November 16, 1885, the plaintiff paid the Hallowell Savings Institution, which had become the owner, the amount due on the old mortgage given by him and Richardson, and the note and mortgage was delivered to him without being discharged or assigned to him. Other facts fully stated in the opinion.

*H. M. Heath,* for plaintiff.

The remedy sought is broad enough to include every instance in which one party pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter. *Barker* v. *Parker,* 4 Pickering, 505; *Lewis* v. *Palmer,* 28 N. Y. 271.

Subrogation as a matter of right takes place for the benefit of a co-obligor or surety who has paid the debt which ought in whole or in part to have been paid by another. *Cottrell's App.* 23 Penn. St. 294; *Young* v. *Vough,* 23 N. J. Eq. 325; *Silk* v. *Eyre,* Irish Rep. 9 Eq. 393.

The remedy is applied only in favor of one who has been compelled to pay the debt of a third person in order to protect his own rights or save his own property. *Cole* v. *Malcolm,* 66 N. Y. 363; *Ellsworth* v. *Lockwood,* 42 N. Y. 89; *Whithed* v. *Pillsbury,* 13 N. B. R. 241.

The course adopted in taking up the mortgage without discharge or cancellation was proper. See *Wall* v. *Mason,* 102 Mass, 316.

Where the money due upon a debt is paid, it will operate as a discharge of the indebtedness or in the nature of an assignment subrogating him who pays it in the place of the creditor as may best serve the purposes of justice and the just interests of the parties. *Robinson* v. *Leavitt,* 7 N. H. 99; *Russell* v. *Austin,* 1 Paige Ch. (N. Y.) 192; *Peltz* v. *Clarke,* 5 Peters, 480.

In *Robinson* v. *Leavitt, supra,* the question is discussed at length, holding with *Freeman* v. *Paul,* 3 Maine, 260, and *Thompson* v. *Chandler,* 7 Maine, 377, that an incumorance is to be kept on foot or considered extinguished or merged, according to the intent or interest of the party paying the money.

In *Twombly* v. *Cassidy,* 82 N. Y. 155, it is held that one who has paid the money due upon a mortgage of lands to which he had a title that might have been defeated thereby, has the right to hold the land as if the mortgage subsisted and had been assigned to him; and in *Cobb* v. *Dyer,* 69 Maine, 494, this doctrine was extended to the case of a mortgage formally discharged. See also *Hatch* v. *Kimball,* 16 Maine, 146; *Pool* v. *Hathaway,* 22 Maine, 85.

It is a well established rule that a surety on paying the debt of his principal, is entitled to be subrogated to all the securities, funds, liens and equities, which the creditor holds against the principal debtor; and in *Hodgson* v. *Shaw*, 3 Mylne & K. 183, Lord BROUGHAM says : "It is hardly possible to put this doctrine too high."

"Subrogation relates back to the time of entering into the contract of suretyship as against the principal and those claiming under him." *McArthur* v. *Martin*, 23 Minn. 74; *Wood* v. *Lake*, 62 Ala. 489.

One who secures the payment of another's debt by a charge or mortgage upon his own property, is upon payment of the debt, entitled like any other surety, to be subrogated to the benefit of the securities held by the creditor from principal debtor. *Lewis* v. *Palmer*, 28 N. Y. 271; *McNeale* v. *Reed*, 7 Irish Rep. Ch. 251; *Sheidle* v. *Weishles*, 16 Penn. St. 134; *Denny* v. *Lyon*, 38 Penn. St. 98.

And this is not affected by the fact that the charge and debt are created by the same instrument. *McNeale* v. *Reed, supra*; *Vartie* v. *Underwood*, 18 Barb. (N. Y.) 561; *Dedzler* v. *Mishler*, 37 Penn. St. 82.

As against Richardson, and his grantees with notice, the right of Lynn to have the mortgage held still subsisting, can hardly be questioned. *Buchannan* v. *Clark*, 10 Gratt. 164; *Butler* v. *Biskey*, 13 Ohio St. 514; *Field* v. *Hamilton*, 45 Vt. 35; *Cherry* v. *Monro*, 2 Barb. Ch. (N. Y.) 618; *Aiken* v. *Gale*, 37 N. H. 501.

In *Duncan* v. *Drury*, 9 Penn. St. 322, it was held that where one of the owners of land which is subject to a mortgage, pays the entire mortgage, he may still hold the lien as against his cotenant and those claiming under him.

Under *Fisher* v. *Dillon*, 62 Ill. 379, Lynn should have a right to hold Richardson's share for the entire mortgage debt, it having been for purchase money and paid by Lynn as surety.

The grantee of the property of the principal debtor, who has actual or constructive notice of the incumbrance, and of the

respective rights of the parties, will be in no better position than his grantor; he must pay the whole debt. *Cherry* v. *Monro*, 2 Barb. Ch. 618; *Crafts* v. *Crafts*, 13 Gray, 360; *Cook* v. *Hinsdale*, 4 Cush. 134.

*Spear and Clason*, for the defendants.

DANFORTH, J. It is evident that under the facts stated in the bill in this case, which are admitted by the demurrer, no decree can be passed which will aid the plaintiff in obtaining his rights. His prayer is that the mortgage described in his bill and the debt for which it was given to secure, and which he has paid, " may be decreed to be still subsisting; that he may be subrogated to the rights of the mortgagee therein, and may be empowered to foreclose the same according to law."

The facts show that when the plaintiff paid the debt, both the note and the mortgage were surrendered to him, " without cancellation or discharge executed thereon, or on the record thereof," and by a fair inference that no discharge was intended by either party. The mortgage, then, is subsisting by virtue of these facts, and a decree of court could add nothing to its force, would not change the facts, or to any extent change the condition or rights of the parties. When the plaintiff seeks to enforce his mortgage, he must stand or fall by the facts as they shall then appear, regardless of any decree of the court, or the want of it. Here is no discharge to be cancelled, as in *Cobb* v. *Dyer*, 69 Maine, 494; no fraud or mistake to be rectified; nothing for the defendants to do, or to refrain from doing; nothing to be accomplished by the decree asked; and if granted, it would leave the parties in the same relative position in which it finds them.

It further appears that the plaintiff paid the debt secured by the mortgage as surety, and to relieve his own land from the incumbrance. This would entitle him to be subrogated to all the rights of the creditor and mortgagee to and under the mortgage, except so far as he may have lost them by some act or omission of his own. *Cummings* v. *Little*, 45 Maine, 183; *Norton* v. *Soule*, 2 Maine, 341; *Crafts* v. *Crafts*, 13 Gray, 360.

And this would be so, even though the surety were also mortgagor. *Kinnear* v. *Lowell*, 34 Maine, 299. But this subrogation can not be accomplished by a direct decree of the court, but only by acting upon the proper parties and under a proper issue. In this case the creditor was the owner of the mortgage, and upon the payment of the debt it was its duty to make such a transfer as would enable the plaintiff to avail himself of it in the same manner as the mortgagee could do, subject, of course, to such paramount rights as subsequent purchasers might have acquired, if any. In case of a refusal to perform this duty, the court upon the presentation of the proper issue, and between the proper parties, could and would have compelled such performance. *Wall* v. *Mason*, 102 Mass. 313. But here the creditor is not a party, and hence no such decree can be made. When the plaintiff paid the note, the mortgage was surrendered. uncancelled. Had this been sufficient to have enabled the plaintiff to enforce his rights, there would be no occasion for a decree of court. If not sufficient, a decree such as is asked for would be of no avail.

It is equally evident that a decree empowering the plaintiff "to foreclose the mortgage according to law," would not only be unavailing, but unauthorized. If he has that right the court could, by a decree, neither aid nor hinder. If there is anything lacking, the decree would not supply it. There does not appear to have been any assignment of this mortgage, and though the court might compel one in a proper case, it can not make one for the parties. That the plaintiff is entitled to one, may be clear enough. *Wall* v. *Mason*, *supra*; *Allen* v. *Clark*, 17 Pick. 47. That he must have one to entitle him to foreclose and thereby obtain a legal title to the land, is perhaps equally clear. *Prescott* v. *Ellingwood*, 23 Maine, 345; *Lyford* v. *Ross*, 33 Maine, 197.

But if the bill is intended as a process of foreclosure in equity it is equally unavailable. *Shaw* v. *Gray*, 23 Maine, 174. It is true that since this decision the equity powers of the court have been enlarged. But at that time the court had equity jurisdiction "in suits for the redemption or foreclosure of

mortgages," and now, as then, the statute, except in a few instances not applicable, provides specifically the several methods by which mortgages may be foreclosed, and no other method can be allowed, even by agreement inserted in the mortgage. *Chase* v. *McLellan*, 49 Maine, 378.

As stated in *Titcomb* v. *McAllister*, 77 Maine, 357, "there may be instances of chattel mortgages where the statute mode of foreclosure would not be applicable, or would not provide a plain, adequate and complete remedy for the mortgagee. In such instances, the court might afford relief in equity;" so possibly in mortgages of real estate, where it is necessary to resort to extrinsic matters in aid of a foreclosure, the statute provision might not be sufficient. But this is not a chattel mortgage, nor are there any facts developed which make it an exception to the general rule.

In *Cobb* v. *Dyer*, *supra*, the decree was not technically one of foreclosure, but rather one of sale founded upon a special provision in the mortgage authorized by a later statute, and under facts not applicable to this case. The mortgage now in question, so far as appears, is of the common form, containing no provision in relation to a foreclosure; so that if the plaintiff resorts to the mortgage for security he must foreclose in some one of the methods provided by the statute. In either of these ways completed he would acquire a title to the land. In neither of them can the defendants, or either of them, be compelled to redeem, nor can the court order a sale. It does not as yet appear that any of the defendants propose to redeem. Hence there is no occasion to settle the amount due on the mortgage. That can be done only in an action at law to foreclose, or by a bill in equity by the owners of the equity of redemption to redeem. By this latter process and perhaps by the former, not only the amount due on the mortgage, but the proportion which each party must pay, will be directly presented. It cannot be in the process now before the court.

*Bill dismissed with single costs.*

PETERS, C. J., VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.