*W. S. B. Hopkins*, for the plaintiff.

*G. F. Verry*, for the defendant.

---

JUDSON T. CHILDS *vs.* SARAH A. STODDARD & another.

Worcester.   Oct. 7, 1880. — Jan. 14, 1881.   COLT & MORTON, JJ., absent.

A mortgagee of land, to correct a mistake in his mortgage, discharged it of record, and took a new mortgage, in ignorance that an intervening mortgage had been given and recorded. After knowing the facts he sold the land under the power contained in his mortgage, bought it himself, brought an action against the mortgagor to recover the balance remaining unpaid on the mortgage note, obtained judgment, and, on execution, sold all the property of the mortgagor. *Held*, that he could not, after this, maintain a bill in equity against the mortgagor and the other mortgagee to have the discharge of the first mortgage cancelled.

ENDICOTT, J.   This is a bill in equity, and the facts material for the decision of the case are few, and may be briefly stated.

The defendant Lesure was the owner of the estate in question, and, on July 20, 1875, made a mortgage to the plaintiff to secure the payment of a note of $1200. This mortgage was erroneously dated July 20, 1870, and was recorded in September 1875. Lesure made a second mortgage to the defendant Stoddard of the same premises on July 15, 1876, to secure the payment of a note of $800, which was duly recorded in August following. By an agreement between the plaintiff and Lesure, and for the purpose of correcting the error in the date of the first mortgage, Lesure, in December 1877, gave to the plaintiff another mortgage on the same premises, dated July 20, 1877, to secure the payment of a note of $1200; and, as part of the transaction, the plaintiff discharged the first mortgage on the record, and gave back to Lesure the note secured thereby. The mortgage thus given contained full covenants of warranty and freedom from

incumbrances, and made no reference to the mortgage to Stoddard. It is not contended that Lesure made any fraudulent representations at the time he gave the new mortgage to the plaintiff, except such as may be inferred from the covenants contained therein. He acted under the belief that the new mortgage would not be affected by, or subject to, the mortgage of Stoddard, and that the plaintiff would have the same rights in the estate as if the first mortgage had not been discharged. The defendant Stoddard had no knowledge of this transaction, and the plaintiff had no actual knowledge of the mortgage to Stoddard until August 1878.

In September 1878, the plaintiff entered under his second mortgage for condition broken, and sold the premises under the power therein for $900, to one Hall, who purchased for and duly conveyed the same to him. Immediately after the sale he brought an action against Lesure to recover the balance due upon his note, and attached all his personal property; and, having recovered judgment, levied his execution thereon. Lesure had no other property out of which the debt due the defendant Stoddard can be satisfied.

The plaintiff prays that the defendant Stoddard may be enjoined from selling the premises under her mortgage; that the discharge of the first mortgage may be vacated, and the mortgage restored, the plaintiff relinquishing all rights under his second mortgage; and that he may be permitted to foreclose his first mortgage, and for other and further relief; but he makes no offer to credit on his note the money received on his execution against Lesure.

Whether the plaintiff could relinquish all the rights obtained under his second mortgage and place the defendants in the position they were before the foreclosure, and the attachment and sale of Lesure's property, is at least questionable. But, as on other grounds we are of opinion that the plaintiff is not entitled to relief, we need not consider that question.

The only mistake at any time made by the plaintiff was in surrendering his note, and in allowing his first mortgage to be discharged, and taking a new note and mortgage under the supposition that the title had remained unchanged, having in fact no knowledge of Stoddard's mortgage, although he had

constructive notice from the record. He was not led to do this by any false representations or inducements; what was done appears to have been done for his supposed benefit and at his request. Whether, upon the facts, a court of equity would allow him to have the discharge set aside and the first mortgage reinstated, if he had applied immediately on ascertaining the existence of Stoddard's mortgage, we need not inquire. He did not do so.

Knowing that there was a mortgage held by the defendant, he had two courses open to him: 1st, to apply to have the record vacated, and his first mortgage restored; 2d, to rely upon the second mortgage he had received from Lesure.

He chose the latter course, and did it knowing all the facts. He says that he did not believe that Stoddard would make any claim, but it does not appear that he made any inquiry of her, or notified her that he intended to sell. He sold under his second mortgage, took the title to himself, assuming it was a valid sale, brought his action and recovered the balance due him on the note deducting the sum for which he bought the premises. Finding the defendant Stoddard proposed to rely on her legal rights, he seeks the relief of a court of equity, on the ground that he has made a mistake. The position he finds himself in is one of his own choosing, and taken with full knowledge of all the facts, and he is not entitled to the relief he seeks. *Shotwell* v. *Murray*, 1 Johns. Ch. 512. *Storrs* v. *Barker*, 6 Johns. Ch. 166. *Thomas* v. *Bartow*, 48 N. Y. 193. *Banta* v. *Garmo*, 1 Sandf. Ch. 383. 1 Story Eq. Jur. § 138. And see also *Bruce* v. *Bonney*, 12 Gray, 107; *Hutchinson* v. *Swartsweller*, 4 Stew. (N. J.) 205.

*Bill dismissed, with costs.*

*T. G. Kent*, for the plaintiff.
*S. H. Tyng*, for the defendants.