HENRY T. WILLCOX & another *vs.* ELLEN A. FOSTER & others.

Bristol.    Oct. 27, 1881. — March 31, 1882.    MORTON, C. J., W. ALLEN & C. ALLEN, JJ., absent.

If a mortgagee, who holds two mortgages of an estate, intending to discharge the first mortgage on the record, by mistake discharges the second mortgage also, after it has been assigned by him and before the assignment has been recorded, the assignee is entitled in equity to have the discharge of the second mortgage cancelled, and the mortgage restored to the record as an existing incumbrance on the estate, if the mortgagor has not paid the debt secured by the mortgage, and no rights of third persons have intervened.

If a mortgage of land, after being assigned, is discharged by a mistake of the mortgagee, the assignee, although he has not caused his assignment to be recorded, is entitled in equity to have the discharge cancelled as against a person claiming under a subsequent mortgage, which was in terms subject to the prior mortgage and was executed before that mortgage was discharged; and as against a person claiming under a mortgage made after the discharge, who knew of the fact of the mistake, although he was advised by counsel, before taking his mortgage, that the prior mortgage could not be reinstated; and also as against an assignee of the mortgage last executed, who took the assignment, in ignorance of the fact of the mistake, after the note secured by the mortgage assigned was overdue.

BILL IN EQUITY, filed June 2, 1877, by Henry T. Willcox and Charles Hawes, against Ellen A. Foster, Jenks Follett, the

Providence County Savings Bank, Herbert E. Foster and Marsden J. Perry, for the restoration of a mortgage given by Ellen A. Foster to the plaintiff Willcox, and by him assigned to the plaintiff Hawes, and alleged to have been discharged on the record by Willcox by mistake. The case was referred to a master, who reported the following facts:

On October 6, 1873, Ellen A. Foster made and delivered to the plaintiff Willcox, for a valuable consideration, a mortgage for $3800 of a parcel of land in Freetown, which was recorded on December 8, 1873.

On November 6, 1874, Ellen A. made and delivered, for a valuable consideration, a second mortgage of the same premises to Willcox, which was recorded on November 14, 1874. When this mortgage was delivered, the first mortgage had been paid, but was not discharged or cancelled on the record. On June 19, 1875, the second mortgage was assigned for a valuable consideration to the plaintiff Hawes. This assignment had not been recorded on the first day of the hearing, August 31, 1880.

On November 14, 1874, Ellen A. made and delivered, for a valuable consideration, a third mortgage for $1500 of the same premises to the defendant Follett, which was recorded on November 24, 1874. This mortgage was, in terms, subject to the second mortgage for $2800.

On April 17, 1876, the plaintiff Willcox cancelled and discharged on the margin of the record both the first and the second of the above-described mortgages. Some months after the assignment of the second mortgage to the plaintiff Hawes, Herbert E. Foster requested Willcox, both in conversation and by letters, to discharge the first mortgage on the record. The master found that Willcox, at the request of Ellen A. Foster, and in the discharge of his duty as a mortgagee who had been paid in full, went to the registry of deeds for the purpose of discharging the first mortgage of $3800 and no other; that he did not know whether the assignment of the second mortgage had been recorded, and made no inquiry about it; that he did not intend to do a wrongful act or to injure any one; that he discharged the first mortgage on one book, and the second mortgage on another book, and in so doing did not use ordinary care.

On September 16, 1876, the Providence County Savings Bank sued out a writ against Ellen A. Foster, and, on the 30th of the same month, made an attachment of all her real estate situated in the county of Bristol.   There was no evidence that Ellen A. had any real estate in this county, except what was subject to the mortgages before named.   At this time the claim of the bank was about $2000, the precise amount not appearing.   Said action has since been dismissed for want of prosecution.

On January 26, 1877, Ellen A. made and delivered, for a valuable consideration, to the defendant Herbert E. Foster, her brother and agent, a fourth mortgage for $300 of the same premises, as security for a promissory note payable in thirty days from said January 26.   This mortgage was recorded.   The mortgagee knew that the first mortgage had been paid, and that no part of the principal of the second mortgage had been paid, when he took his mortgage.   He also knew that the first and second mortgages were discharged and cancelled on the record, and he had been informed by counsel that the second mortgage could not be reinstated.

On October 1, 1877, Herbert E. Foster assigned this fourth mortgage to the defendant Perry.   This assignment was in fact as collateral security in part for a preëxisting debt, and in part for money lent at the time of the assignment.   Before taking the assignment, Perry was informed by Herbert E. of the true record state of the title.   But Herbert E. did not inform Perry that he, Foster, knew that no part of the principal of the $2800 mortgage had been paid when he took the fourth mortgage. Perry relied on the statements of Herbert E., and made no personal examination of the records.

Hearing before *W. Allen*, J., who reserved the case for the consideration of the full court; such decree to be entered as justice and equity might require.

*E. H. Bennett*, (*H. J. Fuller* with him,) for Willcox.

*S. R. Townsend*, for Hawes.

*J. Brown*, for Follett and H. E. Foster.

*L. E. White*, for Perry.

ENDICOTT, J.   The plaintiff Hawes is entitled to have the discharge of his mortgage cancelled, and the mortgage restored to the record as an existing incumbrance on the estate.   It

sufficiently appears from the evidence and from the findings of the master that this mortgage, which was a second mortgage, was by mistake discharged by Willcox, after it had been assigned by him to Hawes, and before the assignment had been recorded. He intended to discharge only the first mortgage, which had been paid, but discharged the second also. As against the mortgagor, who has not paid the debt secured by the mortgage, no reason can be urged against its restoration. A discharge of a mortgage by accident or mistake does not prove an actual payment of the mortgage debt, but is inoperative and void, and the mortgage has the same force and effect as before. *Bruce* v. *Bonney*, 12 Gray, 107.

Nor have any rights of third parties intervened to defeat the right of Hawes to have his mortgage stand as the first mortgage on the premises. Follett took the third mortgage while the mortgage assigned to Hawes was on the record undischarged, and his mortgage is in terms made subject to the second mortgage. He therefore has lost no rights by the discharge made by Willcox. *Barnes* v. *Camack*, 1 Barb. 392.

After the discharge, the Providence County Savings Bank duly attached the estate as the property of the mortgagor; but whatever rights the bank acquired by the attachment were lost by the dismissal of the action for want of prosecution.

The only other mortgage placed on the premises after the assignment to Hawes was given to Herbert E. Foster, the brother and agent of the mortgagor. He knew that no part of the sum secured by the second mortgage had been paid. He had requested Willcox to discharge the first mortgage; but, finding that he had discharged the second also, consulted counsel to learn if the second could be reinstated. He was put upon inquiry, and had reason to suppose that there was some mistake in the discharge. He had no rights, therefore, as against the second mortgage. His mortgage, however, he assigned to Perry, who took it after the note which it secured was overdue, and as collateral security in part for a preëxisting debt, and in part for money lent at the time of the assignment. Perry therefore took it subject to all the defences to which it was open in Foster's hands. *Fish* v. *French*, 15 Gray, 520. *Howard* v. *Gresham*, 27 Ga. 347. *Davies* v. *Austen*, 1 Ves. Jr. 247. *Clute* v. *Robison*,

2 Johns. 595. *Union College* v. *Wheeler*, 61 N. Y. 88. *Greene* v. *Warnick*, 64 N. Y. 220. *Andrews* v. *Torrey*, 1 McCarter, 355. *Twitchell* v. *McMurtrie*, 77 Penn. St. 383.

The failure of Hawes to record his assignment could only be availed of by subsequent assignees of the same mortgage. Registry of an assignment is not necessary as against the mortgagor or his subsequent grantees. *Clute* v. *Robison, ubi supra. Greene* v. *Warnick, ubi supra. Union College* v. *Wheeler, ubi supra. Campbell* v. *Vedder,* 3 Keyes, 174. *Gillig* v. *Maass,* 28 N. Y. 191, 209. *Purdy* v. *Huntington,* 42 N. Y. 334. *Wilson* v. *Kimball,* 7 Foster, 300.        *Decree for the plaintiff Hawes.*