LAURENTIA HOULE & others *vs.* EDWINA VALLIERES & another.

Bristol.   October 24, 1932. — November 28, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & LUMMUS, JJ.

*Election. Equity Jurisdiction,* To relieve from mistake. *Mortgage,* Of real estate.

An owner of land and the holder by assignment of a mortgage thereon given by a prior owner, desiring to make certain changes in the terms of the mortgage, caused it to be discharged, and the owner thereupon gave a new mortgage and mortgage note to the holder of the old mortgage. Both parties, although they knew that there was a second mortgage upon the premises, mistakenly believed that the new mortgage would have the same priority over the second mortgage as the old mortgage had had. Subsequently, after having been informed by an attorney that on the record the new mortgage was junior to the second mortgage, the mortgagee under the new mortgage made entry to foreclose it and took possession of the property, and also brought an action upon the new mortgage note; and, while still in possession and while the action was pending, commenced a suit in equity against the mortgagor under the new mortgage and the second mortgagee, seeking, on the ground of mistake, to be restored to his previous position as first mortgagee. Without deciding whether the plaintiff was entitled to relief without having joined as a party the person who originally had given the old mortgage, it was *held,* that the plaintiff had elected to rely on the new mortgage and that the suit could not be maintained.

BILL IN EQUITY, filed in the Superior Court on September 10, 1930, against Edwina Vallieres and St. Anne's Credit Union.

The prayers of the bill were as follows:

"First: That . . . [the court], correct, reform and/or rectify the said mortgage, the position and place of said mortgage in order that your parties plaintiff may be placed

in their original and correct position of first mortgagees, instead of second mortgagees.

"Second: That the said St. Anne's Credit Union be restrained and enjoined from proceeding; from collecting either or both, principal or interest, in part or in whole; foreclosing; assigning; selling or subjecting your plaintiffs to their second mortgage or otherwise impairing or injuring your plaintiffs' position, rightfully and as first mortgagees, instead of second mortgagees as the record now discloses.

"Third: And for such further and other orders and decrees as . . . [the court] shall deem just and proper."

The suit was referred to a master. Material facts are stated in the opinion. By order of *C. H. Donahue*, J., there were entered an interlocutory decree confirming the master's report and a final decree dismissing the bill. The plaintiffs appealed.

*T. J. Charette*, for the plaintiffs.

*E. L. Marchant*, (*J. T. Kenney* with him,) for the defendant St. Anne's Credit Union.

LUMMUS, J. The plaintiffs held in unequal shares by assignment from Fideline Houle a first mortgage given by Louis Gauvin, a former owner, upon real estate owned by the defendant Vallieres. The defendant St. Anne's Credit Union held, to the knowledge of the plaintiffs, a second mortgage upon the same premises. Desiring to make the first mortgage payable to the plaintiffs jointly, and to make the interest payable quarterly instead of semiannually, the plaintiffs and the defendant Vallieres, without consulting the defendant St. Anne's Credit Union, caused the first mortgage to be discharged and a new note and mortgage from Vallieres to the plaintiffs to be given on February 9, 1929, for the same amount, in the mistaken belief that the new mortgage would have the same legal priority as the original first mortgage over the mortgage to the St. Anne's Credit Union.

On September 10, 1930, the plaintiffs filed this bill for relief on the ground of mistake. It is not necessary to consider whether any relief could be given the plaintiffs

without making Gauvin, the original mortgagor, a party. As early as July, 1930, the plaintiffs learned from their attorney that on the face of the record their mortgage dated February 9, 1929, was the junior mortgage. Instead of seeking to restore their original mortgage which had been discharged of record, they made an entry on July 18, 1930, for the purpose of foreclosing the mortgage of February 9, 1929, and still hold possession and collect rents under that entry. Furthermore, they brought suit on July 19, 1930, upon the note secured by the mortgage of February 9, 1929, and that suit is still pending. The plaintiffs thereby elected to rely upon the new mortgage, and the decree dismissing the bill was rightly entered. The case is governed by *Childs* v. *Stoddard*, 130 Mass. 110.

*Decree affirmed with costs.*