WORCESTER NORTH SAVINGS INSTITUTION *vs.* ROLLAND A. FARWELL & others.

Worcester.   September 23, 1935. — December 6, 1935.

Present: CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Equity Jurisdiction*, Mistake.   *Mortgage*, Of real estate: priority, discharge.

Where a second mortgage was discharged, and the first mortgage was paid and discharged with the proceeds of a new mortgage believed by its mortgagee to be a first mortgage through failure of his examiner

to find the record of an outstanding third mortgage expressly subject to the original first mortgage, and another new mortgage was given intended and believed to be a second mortgage, the third mortgage was not advanced in rank though its mortgagee did not know of such transaction, if he did not change his position because of it; and the new second mortgage was entitled to priority over the third mortgage though the third mortgagee, at the time he took it, had been induced by the mortgagor to believe that it was subject only to the original first mortgage.

BILL IN EQUITY, filed in the Superior Court on April 29, 1932.

The suit was heard by *Broadhurst*, J. The plaintiff appealed from a final decree entered by his order.

*H. G. Bowen*, for the plaintiff.

No argument nor brief for the defendants.

CROSBY, J. In this bill in equity, as amended, the plaintiff seeks to have a mortgage, held by it on certain real estate, given priority over a mortgage held by the defendant Joseph Scarano on the same property which is now a first mortgage as a matter of record, but which, the plaintiff alleges, it was the intention of the parties should be subject to the mortgage held by the plaintiff.

The case is before this court upon an appeal with a report of material facts made by a judge of the Superior Court, in substance, as follows: On June 20, 1924, the defendant Rolland A. Farwell bought out the interest of his brother, the defendant Leon C. Farwell, in certain real estate on Highland Avenue in Fitchburg in this Commonwealth theretofore owned by them in common, and mortgaged the whole estate to the Fitchburg Coöperative Bank to secure his note of that date for $3,600, and on the same day gave to Leon a second mortgage for $700 to secure the unpaid balance of the purchase price. The proceeds of the coöperative bank loan were used in part to pay a first mortgage for $2,000 on the property held by the Worcester North Savings Institution. The property, owned by Rolland A. Farwell alone, remained subject to the Fitchburg Coöperative Bank mortgage and to the second mortgage to Leon C. Farwell until November 8, 1926. On that day Rolland A. Farwell gave to the defendant Scarano a note for $900

payable on demand, to cover a debt already owed, and a mortgage on the Highland Avenue property of even date to secure that note. That note and mortgage were drawn by one Wilson, an attorney who had previously done some legal business for Scarano, but he was paid for his services in the matter by Rolland A. Farwell. Rolland A. Farwell had told Scarano that the property was subject to a first mortgage to the Fitchburg Coöperative Bank, but he did not tell him that his brother Leon held a second mortgage on the property. As drawn by Mr. Wilson and executed by Rolland A. Farwell, the mortgage to Scarano recited that the property was subject to a mortgage to the Worcester North Savings Institution for $2,000. Scarano accepted the mortgage upon the assumption, which it was reasonable for him to make, that Rolland A. Farwell's previous statement that the property was subject to a mortgage to the Fitchburg Coöperative Bank was a mistake, or that the bank mortgage situation had changed and that the property as mortgaged to him, Scarano, was subject only to a mortgage for $2,000 to the Worcester North Savings Institution. Neither Rolland A. Farwell nor Mr. Wilson told Scarano at the time the mortgage to Scarano was executed and delivered that the reference therein to the holder and the amount of the first mortgage was not true. It did not appear that Mr. Wilson examined the title for Scarano, and Rolland A. Farwell having said nothing about the second mortgage to his brother or the incorrect reference in the Scarano mortgage as to the holder and amount of the bank mortgage, Scarano relied upon the assumed correctness of the reference in his mortgage to the bank mortgage. At the conclusion of this transaction the property was, in fact, subject to the following mortgages in the order named: 1. First mortgage to the Fitchburg Coöperative Bank for $3,600. 2. A second mortgage to the defendant Leon C. Farwell for $700. 3. A third mortgage to the defendant Scarano for $900. The property remained subject to these mortgages until early in November, 1927.

About August, 1927, the mortgagor, Rolland A. Farwell, finding it difficult to meet the monthly payments to be made

to the Fitchburg Coöperative Bank, and being under financial pressure on account of conditions affecting his business, consulted Scarano as to how he could secure relief from his financial obligations. Scarano suggested that he might obtain some relief if he could substitute a mortgage to a mutual savings bank for the mortgage held by the coöperative bank. Farwell did not ask Scarano whether he would release his mortgage to enable Farwell to effect such substitution if it could be made, nor did Scarano offer to do so. Nothing was said in that talk about Scarano's being requested to discharge his mortgage in order to enable Farwell to replace the coöperative bank mortgage, nor did Farwell mention in that conversation that the property was actually subject to a second mortgage to his brother which was prior to Scarano's mortgage. Shortly before November 9, 1927, Rolland A. Farwell made application to the plaintiff for a mortgage loan on the property. The application was granted and on November 9, 1927, the plaintiff issued its check for $3,000 payable to the Fitchburg Coöperative Bank, which was used to pay that bank the amount then due on its first mortgage. The coöperative bank's mortgage was discharged, Leon C. Farwell's second mortgage for $700 was discharged, and a new mortgage for $3,000 to the plaintiff to secure the defendant Rolland A. Farwell's note for that amount and a new mortgage from Rolland A. Farwell to his brother Leon were executed and recorded. The new mortgage to Leon, however, was for the principal sum of $750 instead of for the principal sum of his original mortgage of $700. It is found that Scarano had not been approached by anyone at that time or previously with a request that he join in the transaction by releasing his mortgage, and the transaction was completed without the knowledge of Scarano. It is further found that the plaintiff's attorney had examined the title to the premises and presented it with a written certificate as to the state of the title as of November 9, 1927, which did not mention the Scarano mortgage. "The plaintiff's attorney simply failed to discover the Scarano mortgage in his examination of the title, although it had been duly recorded for about a

year. The result of this transaction was that the mortgages on and after November 9, 1927, ranked as follows in order of execution and delivery and recording: first, the mortgage to the defendant Scarano for $900; second, the mortgage to the plaintiff for $3,000; third, the mortgage to the defendant Leon Farwell for $750. The latter was by its terms subject to the plaintiff's mortgage, and it was intended at all times by the parties (other than Scarano) that the defendant Leon Farwell as mortgagee should be junior to the plaintiff." It was further found that after November 9, 1927, the mortgagor paid Scarano the interest due on his mortgage; that he never was asked to pay and did not pay any part of the principal. The plaintiff did not discover until early in 1932, about four and a half years after it took this mortgage, that it "was not in first place." Scarano, late in 1931, had attempted to secure a loan from one Cate, named as a defendant in this suit, on the proffered security of the assignment of Scarano's mortgage. Apparently Cate inquired into the state of the title to some extent at least, for he informed Scarano that the Scarano mortgage was not what it appeared on its face to be, a second mortgage, but was at that time in fact the first mortgage on the property in order of date and of record. "Thereafter and early in 1932 Scarano went to the plaintiff bank, examined its mortgage and note, and on returning home and comparing his mortgage with that of the plaintiff, learned for the first time . . . that his mortgage was prior to the bank's mortgage both as to date of execution and of record." The plaintiff's attorney sent for Scarano and asked if he would release his mortgage and take another subject to the bank's mortgage. Scarano declined to do so. No payment was tendered to him. The judge states that Scarano "had a right to retain the position as mortgagee in which the acts of the other parties had left him. He had done nothing by word or deed or by any act of commission or omission to induce Rolland Farwell to proceed with the exchange of mortgages between the Coöperative Bank and the plaintiff upon any assumption that he, Scarano, would release his mortgage without being paid either in part or in whole.

Scarano did not participate in any way in the mistake made by the plaintiff and the defendants, Rolland and Leon Farwell. The plaintiff here asks in effect that the defendant Scarano be ordered to discharge his mortgage and to accept in place of it a new mortgage which shall be subject to those of the plaintiff and the defendant Leon Farwell. No fact appears to entitle either the plaintiff or the defendant Leon Farwell to the relief prayed for.''

The defendant Leon C. Farwell filed a motion that he be allowed to amend his answer by adding the following: ''And further answering the respondent prays that he be restored as the second mortgagee upon the premises described in the bill of complaint, and that all the parties hereto be instructed to execute all necessary papers to restore the defendant, Leon C. Farwell, to the original position of second mortgagee, which was held by him before the execution of the new mortgage to the Worcester North Savings Institution.'' The motion was allowed. A final decree was entered dismissing the bill as against all the defendants, and ordering that the plaintiff pay to the defendant Joseph Scarano costs in the sum of $17.50. It was further decreed that the relief prayed for in the amended answer of the defendant Leon C. Farwell be denied.

It is the contention of the plaintiff that it is entitled to the relief sought by reason of a mistake, due to negligence of its counsel, although none of the defendants was a party to the mistake.

It is apparent that the plaintiff's attorney who examined the title to the premises and submitted a certificate to the plaintiff respecting the state of the title as of November 9, 1927, failed to discover the Scarano mortgage, which had been duly recorded for about a year. Although it is found that Scarano was not a party to the mistake, that finding does not exclude the inference that Scarano was also mistaken. *Dzuris* v. *Pierce*, 216 Mass. 132. ''One of the common grounds of relief in equity is that the party who seeks the aid of the court has acted under and suffered loss through mistake, that is through ignorance of a fact material to the transaction, or in an erroneous belief in the

existence of material facts." *O'Callaghan* v. *Lancy*, 187 Mass. 474, 475.

The findings show that the plaintiff bank and the defendant Leon C. Farwell believed that as a result of the transaction they were to receive first and second mortgages respectively. It may be inferred that this was the understanding of the mortgagor Rolland A. Farwell. In these circumstances the plaintiff is entitled to be subrogated to the lien of the mortgage discharged with money advanced by it for that purpose. *Federal Land Bank of Springfield* v. *Smith*, 129 Maine, 233. *Hill* v. *Ritchie*, 90 Vt. 318, 322. *Fifield* v. *Mayer*, 79 N. H. 82, and cases cited. *Industrial Trust Co.* v. *Hanley*, 53 R. I. 180. *Emmert* v. *Thompson*, 49 Minn. 386. *Kent* v. *Bailey*, 181 Iowa, 489. *Home Savings Bank* v. *Bierstadt*, 168 Ill. 618. Compare *Whitely* v. *Delaney* [1914] A. C. 132. The cases of *Childs* v. *Stoddard*, 130 Mass. 110, and *Houle* v. *Vallieres*, 281 Mass. 123, are distinguishable from the present case. In those cases the plaintiffs had elected to rely on a new mortgage. In the present case any negligence which may be attributed to the plaintiff in failing to discover Scarano's mortgage on the record does not bar it as against the latter, since it does not appear that Scarano changed his position because of the transaction in question. *Hill* v. *Ritchie*, 90 Vt. 318, 322. *Fifield* v. *Mayer*, 79 N. H. 82, 85, 86. *Federal Land Bank of Springfield* v. *Smith*, 129 Maine, 233, 236. Compare *Reggio* v. *Warren*, 207 Mass. 525, 532, 533. Negligence of one which does not induce a change of position of another is not a bar to recovery in cases of subrogation. *Wall* v. *Mason*, 102 Mass. 313, 316. Sheldon, Subrogation, § 42. It is held that money paid under a mistake of fact can be recovered back. *Appleton Bank* v. *McGilvray*, 4 Gray, 518, 522, 523. *Quimby* v. *Carr*, 7 Allen, 417.

It results that the original mortgage given to Leon C. Farwell should be restored, in accordance with the prayer in his amended answer to the bill. *Institute Building & Loan Association* v. *Edwards*, 11 Buch. 359. *Campbell* v. *Trotter*, 100 Ill. 281. It is well settled that when a mortgage has been discharged by mistake and no intervening rights are

affected the mortgage may be restored. *Bruce* v. *Bonney,* 12 Gray, 107. *Willcox* v. *Foster,* 132 Mass. 320. *Short* v. *Currier,* 153 Mass. 182.

The finding that Scarano was misled by Rolland A. Farwell, the mortgagor, when he originally took his mortgage in 1926, does not prevent relief being granted the plaintiff, as Scarano has shown no change of position. He will be the holder of a third mortgage, which will be subject to a first mortgage held by a savings bank in the same amount as the previous mortgage and also to a second mortgage held by the defendant Leon C. Farwell. The second mortgage originally was for $700 and as rewritten was for $750. It was first given June 20, 1924, nothing was paid on it when it was rewritten on November 7, 1927. The interest then due was in excess of $100 but it was rewritten for $750 so that $50 was deducted from the amount then due, which was in the interest of Scarano, who was benefited by the substitution.

We are of opinion that the plaintiff is entitled to the relief which it seeks. The final decree entered is reversed. The mortgage held by the defendant Scarano is declared to be a third mortgage, and is to be treated as such, and he is perpetually enjoined from seeking any prior or other standing for it. A final decree is to be entered to this effect, with costs to the plaintiff against the defendant Scarano.

*Ordered accordingly.*