HOME OWNERS' LOAN CORPORATION *vs.* SARAH HOWARD BAKER.

Bristol.    October 26, 1937. — December 30, 1937.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Equity Jurisdiction*, Mistake.    *Mortgage*, Real estate: priority, discharge.

A corporation, which made to a landowner a loan used to discharge two mortgages given to others by the landowner's predecessor in title and to pay taxes on the land and repairs, and which then received from the landowner to secure its loan a new mortgage represented to it by its title examiner, through mistake but without culpable negligence, to be a first lien but in fact subject as of record to a life estate reserved by the landowner's predecessor in title after he made the earlier mortgage, was entitled to maintain a suit in equity to have the life estate adjudged junior to its mortgage to the extent of the sum paid to discharge the earlier mortgages and the taxes but not the sum paid for repairs.

BILL IN EQUITY, filed in the Superior Court on June 2, 1937.

From a final decree entered by order of *Dowd*, J., the defendant appealed.

The case was submitted on briefs.

*E. Laycock*, for the defendant.

*J. J. Brennan & W. V. Hyland*, for the plaintiff.

DOLAN, J.    This is a suit in equity in which the plaintiff seeks to have the life estate of the defendant in certain real estate, situated in Dartmouth in the county of Bristol, decreed to be junior to its mortgage on the same property. The suit was heard by a judge of the Superior Court on an agreed statement of facts and comes before us on appeal of the defendant from the final decree "that the life estate of the defendant . . . be and hereby is declared junior to the lien held by the Home Owners' Loan Corporation on the said premises by virtue of its mortgage referred to in the said bill of complaint."

On July 8, 1926, the defendant, the owner of the real estate in question, gave a mortgage on the premises to the New Bedford Institution for Savings in the sum of $2,500, payable on demand with interest at six per cent. On February 8, 1933, she gave a second mortgage on said premises to Lemuel LeBaron Dexter in the sum of $625, also payable on demand with interest at six per cent. Both mortgages were duly recorded. On February 8, 1933, the defendant conveyed the premises by deed of that date to Elizabeth Laycock. The deed was duly recorded. By its terms the defendant reserved for herself and one Mary M. Dexter, since deceased, a life estate stated therein to be "a right to use and occupy said premises for and during the term of their natural lives, or during the life of the survivor of the said two."

On September 25, 1933, said Elizabeth Laycock applied to the plaintiff for a loan to refinance the mortgage and other lien indebtedness on the premises, setting forth that the property was subject to the two mortgages before mentioned. "Both mortgagees stated that they were unwilling to carry the loan any longer," and the applicant Laycock

stated that she could no longer meet the payments due thereon.

The application was approved and a loan of $2,713.70 was granted to said Laycock. The plaintiff paid $1,599.50 to the first mortgagee and $651 to the second mortgagee in satisfaction of the amounts due from the defendant on account of principal and interest under the respective mortgages. It also paid $237.50 to the town of Dartmouth for taxes due on the premises for the years 1932 and 1933. The first and second mortgages were discharged on February 16, 1934, and the plaintiff at that time took from said Laycock a mortgage on the property to secure the payment of its loan. The title examiner of the plaintiff submitted to it a final certificate that its mortgage was a valid first lien on the property. The mortgage is for fifteen years at five per cent interest, the principal and interest being payable in monthly instalments of $21.47. The balance of the loan was paid out as follows: repairs, $199; expenses in connection with the placing of the mortgage, $26.70.

The plaintiff intended to take a first mortgage and did not know of the existence of the defendant's life estate in the premises when it advanced its funds to satisfy her indebtedness on the original mortgages, and did not discover its mistake until a short time before filing the bill before us. Under the terms of the act creating the plaintiff corporation (June 13, 1933, c. 64, § 1, 48 U. S. Sts. at Large, 128) it could carry as a first lien only home mortgages acquired by it on "real estate" and the words "real estate" are therein defined to include "only real estate held in fee" or on certain long term leaseholds.

The agreed facts do not disclose whether the defendant took any part in the transactions connected with the refinancing of the original mortgages. The case therefore does not come within those where subrogation was permitted because one who might profit by the mistake induced one paying money to commit the error, *Platt* v. *Squire,* 12 Met. 494, 499, 500; or because the one who would profit by the error stood by, knowing the mistake was about to

be made, and said nothing. *Short* v. *Currier*, 153 Mass. 182, 184.

The defendant contends that the plaintiff is not entitled to relief because it could have acquired actual knowledge of the real facts by the exercise of due diligence and inquiry; and that it did not use such due diligence. She concedes that, where no one has changed his position in consequence of what has been done and of the mistake, relief may be granted though a high degree of care has not been exercised, but maintains that in the circumstances of the present case her position would be completely changed because she would lose that which she had expressly retained in her deed to her grantee, and this in consequence of the plaintiff's own negligence; that there was no privity of contract between the plaintiff and the defendant; and that the defendant as an innocent party has a superior equity.

Nothing contained in the agreed statement of facts warrants the conclusion that her grant to Elizabeth Laycock absolved the defendant from her obligations to the holders of the original mortgages. The plaintiff was not guilty of culpable and inexcusable negligence. In somewhat similar circumstances it was held that it could not be said as matter of law that the omission of one "to avail himself of the opportunity afforded him by the public records to become informed of the bank's mortgage constituted such culpable neglect as to cut him off from the relief he seeks, to which, upon the substantial merits of the case, he apparently is entitled." *Merchants & Mechanics Bank* v. *Tillman*, 106 Ga. 55, 61. *Bormann* v. *Hatfield*, 96 Wash. 270, 273. *Lomas & Nettleton Co.* v. *Isacs*, 101 Conn. 614, 620, 621, and cases cited. Jones on Mortgages, § 1244. *Strehlow* v. *Fee*, 36 N. D. 59, 66. See also *Worcester North Savings Institution* v. *Farwell*, 292 Mass. 568, and *Wall* v. *Mason*, 102 Mass. 313, 316. The plaintiff, having paid the debts of the defendant out of its funds and taken its mortgage in the mistaken belief that it would have a first lien on the premises, was not officious. In such circumstances equity has given relief by way of subrogation when the interests

of intervening lienors were not prejudicially affected. See *Worcester North Savings Institution* v. *Farwell*, 292 Mass. 568; *Butler* v. *Rice*, [1910] 2 Ch. 277; *Crippen* v. *Chappel*, 35 Kans. 495, 499; *Coudert* v. *Coudert*, 16 Stew. 407; *Capehart* v. *Mhoon*, 5 Jones Eq. 178; *Crumlish's Administrator* v. *Central Improvement Co.* 38 W. Va. 390; *Wilkins, Neely & Jones* v. *Gibson*, 113 Ga. 31, 47, 48; Am. Law Inst. Restatement: Restitution, § 162.

In *Worcester North Savings Institution* v. *Farwell*, 292 Mass. 568, where the substituted mortgages did not in fact exceed the amounts due on the mortgages satisfied and the rights of an intervening lienor were not prejudicially affected, relief was given by decreeing priority to the substituted mortgages and enjoining said lienor from seeking any prior standing. In the instant case, however, the plaintiff advanced to the defendant's grantee Laycock on its mortgage $2,713.70, of which only $2,488 was paid to satisfy the indebtedness of the defendant to the original mortgagees and the taxes on the premises for which she was liable. The balance of the amount advanced, to wit, $225.70, was for repairs to the property and expenses in connection with the placing of the mortgage to the plaintiff. "Subrogation is the substitution of one person in place of another, whether as a creditor or as the possessor of any other rightful claim, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities." *Jackson Co.* v. *Boylston Mutual Ins. Co.* 139 Mass. 508, 510. "In any form of remedy, the insurer can take nothing by subrogation but the rights of the assured." *Phoenix Ins. Co.* v. *Erie & Western Transportation Co.* 117 U. S. 312, 321. See also *Leavitt* v. *Canadian Pacific Railway*, 90 Maine, 153, and Sheldon on Subrogation (2d ed.) §§ 19, 20.

The decree entered in the Superior Court that the defendant's life estate is junior to the plaintiff's lien is too broad in the respect that it gives priority to the plaintiff's lien in excess of the amount which it paid in satisfaction of the defendant's debts to the original mortgagees and for taxes. If, however, relief be granted by declaring the de-

fendant's life estate to be junior to the plaintiff's mortgage lien in the sum of $2,488 actually advanced by the plaintiff to pay the defendant's mortgage and other lien indebtedness, and by enjoining the defendant from asserting or enforcing her life estate against the plaintiff's mortgage lien in that amount, it would not appear that the defendant will be any worse off than she was under the original mortgages given by her, which were payable on demand with interest at six per cent per annum. We are of opinion that relief in this form should be granted.

The decree appealed from is to be modified by providing therein that the defendant's life estate in the premises in question is junior to the plaintiff's mortgage lien in the sum of $2,488, and that the defendant is perpetually enjoined from asserting or enforcing her said life estate against the plaintiff's mortgage lien in said amount. As so modified it is

*Affirmed with costs.*