MARJORY H. GLEASON vs. ANASTASIA M. DORNEY &
another.

Suffolk.    January 4, 1955. — June 6, 1955.

Present: QUA, C.J., WILKINS, SPALDING, & COUNIHAN, JJ.

*Mortgage*, Of real estate: discharge, assignment.

In a proceeding in a Probate Court, a conclusion by the judge, that a
real estate mortgage was extinguished by the delivery by the mort-
gagee of a discharge of the mortgage, of the mortgage note, unindorsed,
and of a "mortgage book" to a woman lawyer upon payment by her
of a substantial amount of the balance due on the mortgage out of her
own funds, was not inconsistent with subsidiary facts reported with-
out a report of the evidence and must stand, and a purported assign-
ment of the mortgage to her, substituted for the discharge more than
two and one half years later because she "thought she had received
an assignment rather than a discharge" when she took the discharge,
was a nullity.

PETITION, filed in the Probate Court for the county of
Suffolk on January 8, 1954.

The case was heard by *Wilson*, J.

*Joseph P. Sullivan*, for the petitioner.

*John Kimball, Jr.*, for the respondents.

SPALDING, J.  This is a petition for the satisfaction of an
alleged lien out of the proceeds of a partition sale of a parcel
of real estate.

A report of material facts by the judge includes the follow-
ing.  On August 11, 1945, the late Thomas A. Kenney
executed a mortgage to the Mount Washington Co-operative
Bank, hereinafter called the bank, to secure the payment of
$2,500.  The property covered by the mortgage, which was
duly recorded, was a parcel of real estate located at 64–70
West Broadway in South Boston.  On September 25, 1947,
the petitioner, a lawyer, paid $1,000 to the bank and re-
ceived therefor a discharge of the mortgage, the mortgage
note (unindorsed), and a so called "direct reduction mort-

gage book." About a month later the bank "voted to charge off to surplus account a loss of $885.99 on said mortgage loan." On January 12, 1948, the petitioner paid $950 for the installation of a roof on the property after the top floor had been condemned and removed by the city of Boston. On February 25, 1949, she paid to the city the sum of $650 "in compromise of a claim of some $1,500 in overdue real estate taxes" on the property. In making the foregoing payments the petitioner used her own funds.

Thomas A. Kenney, the mortgagor, died on May 8, 1949. In April, 1950, the petitioner went to the bank and stated that "she thought she had received an assignment rather than a discharge of the Kenney mortgage back in 1947," and requested the substitution of an assignment. On April 27, 1950, the directors of the bank voted to give the petitioner an assignment upon the return of the discharge. Pursuant to this vote an assignment of the mortgage dated and acknowledged on July 7, 1950, was delivered to the petitioner.

As a result of a petition for partition filed on May 26, 1950, the property in question was sold and the proceeds were deposited in the name of the judge of probate. In these proceedings the petitioner seeks to establish a lien on the proceeds of the sale to the extent of $4,704.06.[1]

The judge concluded that the delivery of the discharge and the mortgage note to the petitioner on September 25,

---

[1] This sum is made up of the following:

| "Balance due on mortgage on December 3, 1946 | $1,898.78 | |
| Interest at 5½% Dec. 3, 1946 to Jan. 8, 1954 | | |
| 7 years 1 month and 5 days    .    .    .    . | 741.16 | |
| | | $2,639.94 |
| "New Roof necessary to preserve property as top floor had been removed by City of Boston unsafe | | |
| January, 1948 paid to Mr. Bergeron, Somerville | $900.00 | |
| Interest at 6% Jan. 1948 to Jan. 1954 6 years    . | 324.00 | |
| | | $1,224.00 |
| "Real Estate Taxes paid to prevent sale by City of Boston, Mass. February 25, 1949    .    .    . | $650.00 | |
| Interest at 6% Feb. 25, 1949 to Jan. 8, 1954 | | |
| 4 years 10 months and 14 days    .    .    . | 190.12 | |
| | | $840.12 |
| TOTAL:    .    .    .    .    .    .    .    .    . | | .$4,704.06" |

1947, in consideration of the $1,000 paid by her, operated as an extinguishment of the encumbrance and that "the attempted later substitution of an instrument of assignment on July 7, 1950, . . . fails to justify the petitioner's present prayer, — as alleged holder of an assignment of the mortgage, — for satisfaction of an alleged 'lien out of the proceeds realized from partition sale.'" From a decree dismissing her petition the petitioner appealed.

There was no error.

The evidence is not reported. The judge's ultimate conclusion that the mortgage was discharged must stand unless inconsistent with particular findings. *Quigley* v. *Quigley,* 310 Mass. 415, 416. *Turner* v. *Morson,* 316 Mass. 678, 681. We find no such inconsistency. Thus, since the mortgage was extinguished by the discharge taken by the petitioner on September 25, 1947, the purported assignment by the bank more than two and one half years later was a nullity, for the bank at that time had nothing to assign.

It is true that where by mistake a discharge of a mortgage has been taken instead of an assignment equity will set aside the discharge and substitute the assignment, where no intervening rights are affected. *Bruce* v. *Bonney,* 12 Gray, 107. *Willcox* v. *Foster,* 132 Mass. 320. *Short* v. *Currier,* 153 Mass. 182, 184. See *Worcester North Savings Institution* v. *Farwell,* 292 Mass. 568, 574–575; *North Easton Co-operative Bank* v. *MacLean,* 300 Mass. 285, 292. But there are no findings of mistake or of any other facts that would entitle the petitioner to equitable relief.

*Decree affirmed.*