JOHN M. HARLOW *vs.* HAZEN WHITCHER.

Middlesex. Jan. 14. — Feb. 25, 1884. C. ALLEN & HOLMES, JJ., absent.

A release, by a mortgagee, of one of two parcels of land included in the mortgage, does not convey to the releasee an easement in favor of the parcel released, created by him by imposing a servitude upon the other parcel, while occupying the whole premises, before the release.

TORT for the obstruction of a drain, alleged to be appurtenant to the plaintiff's land. Trial in the Superior Court, before *Staples*, J., who reported, for the consideration of this court, the following case:

In December, 1871, Jacob C. Whitcher, who then owned a parcel of land in Woburn, mortgaged the same to the Woburn Five Cents Savings Bank; he remained in possession of the premises, and built thereon a dwelling-house and a barn, the latter being about one hundred feet from the house, and constructed a drain leading from the house to the cellar of the barn.

After the house and barn were built and the drain was in use, the mortgagee, on July 24, 1873, released to Whitcher the land on which the house stood, describing it by metes and bounds, the deed providing that the release should not in any way affect the right of the mortgagee to hold the remaining land under the mortgage.

On August 1, 1873, Whitcher mortgaged the land on which the house stood to the plaintiff, "with all the privileges and

appurtenances to the same belonging." Whitcher remained in possession of the whole tract until his death, in the early part of 1878.

In March, 1878, the plaintiff foreclosed his mortgage by a sale of the lot on which the house stood, and has since been the absolute owner of the same.

In August, 1879, the bank foreclosed its mortgage on the lot on which the barn stood, and conveyed the same to the defendant, who has since owned it. The defendant afterwards dug up the drain on his own land.

The plaintiff offered to show that the use of the drain was necessary to the beneficial enjoyment of the house lot, and that another drain or method of disposing of the sewage from the house could not be conveniently made or provided with reasonable labor or expense.

The judge ruled that the deed from the bank to Whitcher operated only as a discharge of its mortgage from that portion of the estate specifically described, and that the right of drainage into the cellar of the barn from the house on the land released was not thereby released or conveyed; and directed the jury to return a verdict for the defendant.

If the court should be of the opinion that the deed from the bank to Whitcher did convey the right of drainage as appurtenant to the estate specifically described, or as parcel thereof, the verdict was to be set aside and the case to stand for trial; otherwise, judgment to be entered on the verdict.

*C. Robinson, Jr. & G. A. Blaney*, for the plaintiff.

*A. V. Lynde*, for the defendant.

DEVENS, J. It was ruled, at the trial, that the release of the Woburn Savings Bank to Jacob C. Whitcher conveyed only the bank's interest in the land described; and that the right to drain from the house which had been erected thereon into the cellar of the barn, which was on the other part of the land, was neither released nor conveyed, even if such drain was necessary for the beneficial enjoyment of the parcel described, and it was not possible to provide any other mode of drainage with reasonable care and expense.

The plaintiff contends that whatever easements are appurtenant to land, specifically described in a deed, pass by the force

of it, even if the words "together with the privileges and appurtenances thereto belonging" are omitted; and that the grantor conveys by his deed, as appurtenant, whatever he has power to grant, if practically annexed to the premises at the time of the grant, and if necessary to their enjoyment in the condition of the estate at the time. *Oliver* v. *Dickinson*, 100 Mass. 114. *Philbrick* v. *Ewing*, 97 Mass. 133. If it be conceded that, if a conveyance of premises specifically described had been made by an owner in fee absolute of the whole tract, it would have passed without mention, as parcel of the premises granted, any easement or privilege similar to the right of drainage here claimed, (*Thayer* v. *Payne*, 2 Cush. 327; *Watts* v. *Kelson*, L. R. 6 Ch. 166,) this would not be decisive in favor of the plaintiff.

The bank, after reciting in the instrument of release the mortgage made by Whitcher and held by it over the whole premises, released to him the right, title, and interest which it had by virtue of such mortgage in a certain described parcel of land. While Whitcher, as mortgagor in possession, occupied the whole premises, he might occupy them in any way he saw fit, practically giving to one parcel an easement and imposing a servitude upon another. But when one of these parcels is released to him by the mortgagee, it is not therefore to be deemed that the mortgagee has assented that, in favor of it, a servitude shall be imposed upon the other parcel. The release of certain described premises by the mortgagee ought not to be construed as a conveyance to the releasee of rights in the remainder of the estate, which, without the consent of the mortgagee, the releasee had seen fit to attach thereto.

The grantor of an absolute fee in a similar case has by his own act, or that of those under whom he claims, created a servitude in the remainder of the estate for the benefit of the parcel granted, and may properly be held to intend by his conveyance of the parcel to convey this also.

*Judgment on the verdict.*