## Hyde Park Thompson-Houston Light Company v. Esther L. Brown and Richard S. Thompson, Trustee.

1. EASEMENTS—*When They do Not Pass by Implication.*—An easement which is not apparent, which has not been used, and of which a grantor has no information, does not pass by implication.

2. SAME—*Partial Release of Mortgage Will Not Create, as to Land Not Released.*—The release by a mortgagee of certain described premises will not be construed as a release of the mortgage upon other portions of the estate in which the mortgagor has, without the consent of the mortgagee, seen fit to create, as against himself, an easement as an appurtenance to the lands described in the release.

**Bill for Foreclosure.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed March 29, 1897.

### STATEMENT OF THE CASE.

On June 24, 1890, for the consideration of $20,000, Esther L. Brown sold and transferred to James W. Johnson, lots 12 and 13, in block 17, in Hyde Park, in the county of Cook and State of Illinois, the area covered by said two lots having a south frontage on 53d street, next east of and adjoining the right of way of the Illinois Central Railroad.

At the time of the conveyance Johnson paid on account of the purchase price the sum of $7,333.34, and gave to Mrs. Brown his two notes for the balance thereof, and to secure the payment of said notes said Johnson delivered to said Richard S. Thompson, trustee, a deed of trust, dated June 24, 1890, conveying the said lots 12 and 13, which deed of trust is now being foreclosed.

On June 25, 1890, James W. Johnson and wife sold and conveyed to the Thomson-Houston Electric Company the north seventy feet of said lots 12 and 13, and a right of way

Hyde Park Thompson-Houston Light Co. v. Brown.

ten feet wide over and along the east side of lot 13 not conveyed.

The following plat shows the premises:

TELEPHONE No. 9810.

## MILTON K. ST·AUFFER,

### LOT SURVEYOR AND CIVIL ENGINEER,

**3004-53d Street, Hyde Park, Ills.**

# PLAT OF SURVEY

Lots 12 and 13 in Block 17, in Hyde Park Subdivision.

53ᴅ    STREET.

STATE OF ILLINOIS, } ss.   This is to certify
COUNTY OF COOK,
that I have surveyed the above described property
according to the office record, and the above plat
correctly represents said survey.

MILTON K. STAUFFER.

Hyde Park, June 25, 1890.

On March 30, 1891, the Thomson-Houston Electric Company sold and conveyed to the Hyde Park Thomson-Houston Light Company the north seventy feet of lots 12 and 13, also the said right of way ten feet wide over and along the east side of said portion of lot 13, which is still owned by James W. Johnson.

The deed contained the further provision that the part of the lots not conveyed should be resorted to primarily for the satisfaction of Mrs. Brown's trust deed. The right of way seems not to have been used at any time.

On January 3, 1891, $3,666.66 was paid by Mr. Johnson to Mrs. Brown, and Richard S. Thompson, trustee, executed and delivered to said James W. Johnson a release deed, releasing the said north seventy feet of lots 12 and 13, together with all the appurtenances and privileges thereunto belonging or appertaining. All of the deeds and release deeds are duly acknowledged and recorded.

Immediately after the purchase of the north seventy feet of said lots by the Thomson-Houston Electric Company it commenced the erection of a large electric light plant, and completed same about the month of December, 1890, and furnished lights to the public generally.

Mrs. Brown continued to live in her old homestead located upon a portion of one of the lots not conveyed by Johnson until some time in November, 1890.

The north seventy feet of said lots is bounded on the west by the Illinois Central Railroad, on the north and east by improved lands of Mr. Porter and Mr. Gray, and on the south by the south eighty feet of said lots 12 and 13, which is still owned by said James W. Johnson. The appellant, the Hyde Park Thomson-Houston Light Company, and its predecessors in title, do not, and so far as appears, never have, owned any lands adjoining the said lots 12 and 13. The prayer of the complainant's bill in this cause is that the mortgage given by Johnson to secure Mrs. Brown be foreclosed and that the south eighty feet of said lots 12 and 13 shall be sold at foreclosure sale. Complainant claims that if appellant Hyde Park Thomson-Houston Light Company

has any right of way over said portion of the south eighty feet of said lots, such right is subordinate to the lien of the said trust deed, and should be divested by a sale under said trust deed, and that the property now covered by said trust deed should be sold as is provided in the decree.

The contention of appellant is:

First. That Mrs. Brown agreed to release not only the north seventy feet of said lots 12 and 13, but to release the east ten feet of lot 13, conveyed by James W. Johnson to the Thomson-Houston Electric Company for a right of way.

Second. That by the terms of said release, it does release the east ten feet of lot 13.

Third. That when the north seventy feet was released, Mrs. Brown impliedly released the east ten feet of lot 13, as opened by Johnson, as a street or right of way; that right of ingress and egress might be secured.

Fourth. That as the north seventy feet is so situated that there is no access except over the remaining portion of lots 12 and 13, or land of a stranger, a right of way passes as a way of necessity, and such right is not subordinate to the lien of the mortgage, and that said right shall continue so long as the necessity exists, because Mrs. Brown has conveyed all her rights in the north seventy feet, and can not compel the owner to trespass upon, or take by statute, or purchase lands of a stranger for the purposes of a way.

Fifth. As James W. Johnson conveyed an interest in the east ten feet of lot 13, which interest is now owned by the appellant, the property should be sold in inverse order of alienation; that is, the said east ten feet should be sold last, and the remainder of the property sold first, because if it is sold as a whole, then the appellant would be deprived of his right of redemption.

W. S. JOHNSON, attorney for appellant; J. S. CUMMINS, of counsel.

WILSON, MOORE & McILVAINE, attorneys for appellees.

Mr. Justice Waterman delivered the opinion of the Court.

The controversy in this case turns upon the effect, considering the circumstances under which it was made, of the release deed executed by Richard S. Thompson of the north seventy feet of lots 12 and 13, together with all the appurtenances and privileges thereunto belonging or appertaining.

At this time Mrs. Brown was under no obligation to do anything to aid appellant in obtaining or perfecting a claim to a right of way over lots 12 or 13 to Fifty-third street. Her conveyance to Johnson, through which appellant derived title to the north seventy feet of these lots, was of the entire lots; her purchase money mortgage from Johnson covered the property she conveyed; she was in no wise responsible for his conveyance of the north seventy feet of this property, or of a right of way along the east side of lot 13, and her rights as a mortgagee were not diminished thereby.

Under these circumstances, she consented to the execution by the trustee of the release deed stating that thereby was released " the north seventy feet of lots 12 and 13 (this release in no manner to effect the lien of said trust deed upon the remainder of the premises therein described)," * * * " together with all the appurtenances and privileges thereunto belonging or appertaining."

If her intention and the understanding of Mr. Johnson was, that the release should be not only of the north seventy feet of these lots, but of a right of way over the south eighty feet of lot 13, it is difficult to see why such intention was not plainly and unequivocally expressed in the release.

The master and the court below found that Mrs. Brown had, when she authorized the execution of the release deed, neither knowledge nor information that any right of way was claimed across the south eighty feet of lots 12 and 13.

No such right of way, appurtenance or privilege was apparent; it would, therefore, as the master found, be a fraud upon Mrs. Brown to construe the release to be what is not expressed therein, and was never intended by her or the trustee.

The use of the words " with all appurtenances " is not

necessary in order that easements pass with a grant of the estate to which they are attached. Ingals v. Plamondon, 75 Ill. 118–124; Morrison v. King, 62 Ill. 30.·

An easement which is not apparent, of which the grantor has not made use, and of which he has no information, does not pass by implication. Ingals v. Plamondon, 75 Ill. 118.

The release by a mortgagee of certain described premises, will not be construed as a release of the mortgage upon other portions of the estate in which the mortgagor has, without the consent of the mortgagee, seen fit to create, as against himself, an easement as an appurtenance to the lands described in the release. Harlow v. Whitcher, 136 Mass. 553–554.

The case at bar is essentially variant from Smith v. Heath, 102 Ill. 130, in which the mortgagee is found to have co-operated with the mortgagor in inducing the purchase of lots under an implied understanding that a park should forever remain appurtenant thereto.

Mrs. Brown had no part in, and derived no profit from, the creation of the alleged necessity for appellant to have a right of access to 53d street.

The decree properly directs a sale, first of the premises retained by the mortgagor, and then of the remaining premises in the inverse order of alienation, with the following provision :

" If the aggregate amount bid for the said lands so offered in severalty shall be insufficient to satisfy this decree, then said master shall offer for sale said lots twelve (12) and thirteen (13) [except the north seventy (70) feet thereof], together as one parcel, with all easements and all rights and all claims therein of said defendants and of all persons claiming under them, save only the right of redemption provided by law, and if the amount bid for the said lands so offered together shall exceed the aggregate of the amounts bid for said lands when offered in severalty as above provided, then said master shall sell said lands together."

In this there was no error. Iglehart v. Crane, 42 Ill. 261–268.

The decree of the Circuit Court is affirmed.