### HUGH MCKENNA *vs.* CHARLES O. EATON.

Suffolk. November 14, 1902. — December 1, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Easement,* Right to support and shelter.

If the owner in severalty of one half of a double house has acquired by grant or otherwise a right of support and shelter on the dividing line, his right is ended when a board of health by a lawful order compels the destruction of the other half of the building, and he has no remedy against the adjoining owner who has obeyed such command.

TORT by the owner in severalty of half of a double wooden house for an injury to his alleged right of shelter and support from the defendant tearing down the other half. Writ in the Municipal Court of the City of Boston dated January 8, 1901.

The answer, in addition to a general denial, alleged that the

portion of the building removed and destroyed was thus dealt with in compliance with an order of the board of health of the city of Boston, and that it was wholly upon land owned by the defendant. On appeal to the Superior Court the case was tried before *Bond*, J., who refused to give the rulings requested by the defendant. The jury returned a verdict for the plaintiff in the sum of $175; and the defendant alleged exceptions.

*O. B. Mowry*, for the defendant.

*W. E. Burke*, for the plaintiff.

HOLMES, C. J. This is an action of tort brought by the owner of one half of a double house against the owner of the other half, for pulling down the half belonging to the defendant and leaving no support or shelter to the plaintiff. The defendant claimed the right to do what he did, and also justified under an order of the board of health of the city of Boston. The house had stood for over thirty years. At the trial he asked a ruling that if his building was removed by order of the board of health the plaintiff could not recover, but the judge ruled that a valid order of the board would leave the defendant liable unless he supplied as good a support and shelter to the plaintiff's house as it had before. The case is here on exceptions.

It will be noticed that the declaration is not for negligence in the mode of tearing down or removing the house, nor for the removal simply, but for doing it without replacing the support and shelter which came from the defendant's house. We assume in favor of the plaintiff that he had some rights of the kind he claims as against a voluntary destruction by the defendant of the supporting house. *Adams* v. *Marshall*, 138 Mass. 228, 238. See *Carlton* v. *Blake*, 152 Mass. 176. If he had not acquired such rights by grant or otherwise, the defendant might have taken down his house at will. *Wigford* v. *Gill*, Cro. Eliz. 269. On the other hand we assume, as we must assume for the purpose of deciding the question before us, and as was assumed for purposes of argument by both sides at this stage of the case, that the order of the board of health was valid. St. 1897, c. 219.

On the foregoing assumptions we are of opinion that the plaintiff's rights were at an end, and that he stood no differently when the superior power by which the defendant's building was

removed was the law, than he would have stood if it had been fire or an earthquake or time. It is decided that the defendant would not have been liable for a failure to keep his house in repair, even if the omission was with a design to harm the plaintiff. *Pierce* v. *Dyer*, 109 Mass. 374. *Adams* v. *Marshall*, 138 Mass. 228, 234. In *Pierce* v. *Dyer* it was intimated that if the houses were destroyed by the action of the elements the respective easements would be at an end. 109 Mass. 377. That plainly is the law in the analogous case of party walls. *Heartt* v. *Kruger*, 121 N. Y. 386. *Hoffman* v. *Kuhn*, 57 Miss. 746. *Antomarchi* v. *Russell*, 63 Ala. 356. Jones, Easements, § 709. It is true that these cases of destruction have been cases of destruction of the whole wall, but the same principle would apply to a destruction of a half, if it were possible, as is shown by *Pierce* v. *Dyer*.

Of course if the removal of the defendant's house by order of the board of health ended the plaintiff's rights, it did not matter that the work was done by the defendant in obedience to the order, rather than by servants of the board.

*Exceptions sustained.*