MT. WASHINGTON COOPERATIVE BANK *vs.* FRANK F. BENARD & others.

Middlesex. November 14, 1933. — February 25, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Estoppel. Tenants by the Entirety. Deed.*

Where a mortgage of real estate in the statutory form was given by husband and wife as tenants by the entirety at a time when they had no title to the property, and thereafter the owner thereof, for consideration paid by the wife, gave a deed thereof to her, one, who claimed title to the property through a levy and execution sale based on an attachment made in an action against the husband and wife after the giving of the mortgage and of the deed, was estopped to assert the title so acquired by the wife by the deed as against one who claimed title as purchaser at a sale in foreclosure of the mortgage.

WRIT OF ENTRY dated February 15, 1933.

The action was heard in the Land Court by *Corbett*, J. Material findings by the judge are stated in the opinion. His decision was in favor of the tenants. The demandant alleged exceptions.

*F. W. Falvey*, for the demandant.

*F. W. Campbell*, for the tenants Benard.

*T. H. Stearns*, for the tenant Malden Savings Bank.

DONAHUE, J. A judge of the Land Court at the trial of a writ of entry ordered judgment for the tenants, and the case comes to this court on a bill of exceptions setting forth exceptions taken by the demandant to rulings made by the trial judge and to his refusal to give certain rulings requested.

The tenants derive their title through the foreclosure of a duly recorded mortgage for $4,200 dated April 29, 1930, in which the grantors were Eva H. Osberg and James W.

Osberg as tenants by the entirety and the Malden Savings Bank was the grantee. Mrs. Osberg had at the time a valid written agreement for the purchase and sale of the property with the actual owner, Mary J. Foley, on which a deposit of $1,000 had been made, the stated purchase price being $6,000. Before the recording of the mortgage a purported deed from the owner to the Osbergs as tenants by the entirety had been put on record. The signature of the owner on this deed was a forgery and neither of the Osbergs had any title to the property.

Later, on July 25, 1930, pursuant to the terms of the agreement of purchase and sale, the owner duly executed and delivered a deed which named "Eva H. Osberg, Trustee" as the grantee. The trial judge found that Mrs. Osberg paid the entire purchase price and that the conveyance was in fact made to her as an individual and not on any trust. The demandant, on February 25, 1931, made a special attachment of the property on a writ brought by it against James W. Osberg and Eva H. Osberg on a debt owed by both. After judgment was obtained there was a levy made on execution and at the sheriff's sale the demandant was the purchaser, and it now holds title under a sheriff's deed.

Since the grantors in the mortgage deed, through which the tenants claim, had no title, the grantee named therein acquired at that time no title. The mortgage deed, however, was in the statutory form and hence contained covenants that the mortgagors were lawfully seised of the granted premises, that they had good right to sell and convey the same, and that they, their heirs and successors would warrant and defend the same to the mortgagee, its successors and assigns forever against the lawful demands of all persons. G. L. (Ter. Ed.) c. 183, §§ 18, 19. The tenants contend that, when Mrs. Osberg later acquired title to the property by a valid deed from the owner, by reason of the covenants in the mortgage deed she and those thereafter claiming through the newly acquired title became estopped to deny the title of the mortgagee and those claiming under it.

It is the rule in this Commonwealth that a deed with full covenants of warranty estops a grantor who has an imperfect title or no title at all to the real estate conveyed, from setting up against the grantee or those claiming under him any later acquired title to the property and that such a later acquired title inures to the benefit of the grantee and his successors in title. Persons claiming by descent or by grant under the grantor after the acquisition of later title are likewise estopped. *Russ* v. *Alpaugh*, 118 Mass. 369, 376. *Knight* v. *Thayer*, 125 Mass. 25, 27. *Huzzey* v. *Heffernan*, 143 Mass. 232. *Ayer* v. *Philadelphia & Boston Face Brick Co.* 159 Mass. 84. The demandant does not deny this to be the general rule but contends that it is not here applicable because the grantors in the purported mortgage deed are described as tenants by the entirety and the later acquired title was taken in the individual name of one of the grantors in the mortgage.

The precise question here is whether the covenants in the mortgage deed in which Mrs. Osberg joined in a grant of the property, purporting to be a tenant by the entirety, will bind her so that she is estopped, and one claiming under her is estopped, from asserting the later title acquired by her as an individual. It is to be borne in mind that she never actually was a tenant by the entirety and in executing the deed was not in fact under the limitations which such a relationship would impose. She was under no disability by reason of coverture which would prevent her from being held bound by covenants in the deed or under any contract she saw fit to make respecting real estate. *Basford* v. *Pearson*, 7 Allen, 504. *Knight* v. *Thayer*, 125 Mass. 25. G. L. (Ter. Ed.) c. 209, § 2.

The instrument did not purport to be a release or a conveyance only of such right, title and interest as the grantors assumed to hold. It manifests the intent to convey a title in fee to the grantee and not a lesser or a qualified interest. Such intent must be given effect. (See *Kaufman* v. *Federal National Bank of Boston*, 287 Mass. 97, 100–101.) When the holders of a valid title as tenants by the entirety join

in the absolute conveyance of real estate the grantee takes title in fee. That was the quality and quantity of title which the grantee would have if the grantors in fact had been tenants by the entirety. That was the title the mortgage purported to put in the grantee. Mrs. Osberg, who was prevented by no legal incapacity, joined in a covenant of warranty, which was absolute and not limited to the interest which she purported to have at the time of the delivery of the mortgage deed. She thereby undertook to warrant and defend the title in fee which it was intended the grantee should take. When she later acquired veritable title to the property the covenant of warranty and defence in the mortgage estopped her and those claiming under her from asserting the after acquired title.

We see no grounds for holding that the case is taken out of the general rule because of the recital that the grantors in the mortgage deed were tenants by the entirety. The intention was manifest that the grantee should take title in fee and the warranty was unqualified; " . . . when the warranty says that the grantor is to be taken as assuring you that he owns and will defend you in the unencumbered fee, it does not matter that by the same deed he avows the assertion not to be the fact. The warranty is intended to fix the extent of responsibility assumed, and by that the grantor makes himself answerable for the fact being true." *Ayer* v. *Philadelphia & Boston Face Brick Co.* 159 Mass. 84, 86. The exceptions argued before us have been covered in what has been here said.

*Exceptions overruled.*