JEANNE B. HOROWITZ *vs.* THE PEOPLES SAVINGS BANK.

Suffolk.    May 9, June 8, 1940. — November 1, 1940.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Estoppel.    Deed,* By one subsequently acquiring title.    *Adverse Possession.*

By a conveyance of real estate in mortgage with full covenants of warranty, one to whom the mortgagor conveyed the premises subject to the mortgage was estopped, after a curing by adverse possession of a defect existing in the title when the mortgage was given, to set up the title by adverse possession against a purchaser at a sale in foreclosure of the mortgage.

WRIT OF ENTRY in the Land Court, dated October 31, 1938.

The case was heard by *Smith,* J., who found and ordered judgment for the tenant.

It appeared that a certain lot of land, on which the "Artificial Stone Front Building" was located, was mortgaged by Jacob Horowitz to the tenant, and afterwards conveyed to the demandant; that the mortgage subsequently was foreclosed and the mortgaged lot purchased by the tenant; that the demanded premises were a four foot strip at the north side of said lot, claimed by the tenant to have been included in its mortgage and claimed by the demandant not to have been so included; that to the north of said strip was a six foot passageway, and, to the north of that, the McGuire property on which was located "Waverly House"; and that the "Artificial Stone Front Building" occupied the four foot strip up to the passageway.

The description in the tenant's mortgage began on the street "at the southeast corner of the McGuire land and ran southerly, westerly, northerly "to" the McGuire land and easterly "by" that land to the point of beginning,

thus by monuments including the four foot strip; but the stated lengths of the east and west boundaries, measured from the south boundary, would place the north boundary on the south side of the four foot strip.

Respecting the subject matter of the last paragraph of the opinion, the decision of the judge of the Land Court contained the following: "Some discussion arose at the trial over the effect of a certain bill in equity brought in Superior Court by Ellen F. McGuire (trustee under the will of said John McGuire) against the demandant in this case and the tenant as mortgagee and the Worcester Bank and Trust Company, another mortgagee. The complaint was that Jacob Horowitz had erected and his wife was maintaining (for the benefit of the Artificial Stone Front Building) fire escapes overhanging the six-foot passageway heretofore referred to and in so doing were invading the legal rights of the McGuire property, namely the Waverly House aforesaid. On July 12, 1933, there was a decree in favor of the plaintiff and ordering Jeanne B. Horowitz, the demandant, to remove the obstructions complained of. The demandant offered the record in this case as creating some kind of *res judicata* as to issues now involved. The tenant objected to the offer and the admissibility was postponed for me to rule on in this decision. I do not think the proceedings and especially the decree in that case have such effect on the present case and I exclude the offer of the whole or any part of the record in that case. . . . The master's report was the paper which counsel for the demandant seemed to rely on as establishing title by adverse possession in favor of the demandant. . . . Assume the findings of adverse possession in favor of Jeanne B. Horowitz in the master's report are admissible evidence in this case that does not help her present claim. A mortgagor and those claiming under him obviously cannot start gaining a new title by adverse possession against his mortgage merely by continuing in occupancy of the premises for more than twenty years. But any adverse title of others may thus be acquired and the same when ripe will enure to the benefit of the mortgagee."

*J. B. Horowitz, pro se,* submitted a brief.

*S. G. Barker,* for the tenant.

DOLAN, J. This is a writ of entry which comes before us on the demandant's appeal from the decision of the judge in which he ordered that judgment be entered for the tenant.

The demandant claims title to the strip of land in dispute by virtue of a deed to her from her husband, Jacob Horowitz, under which he conveyed certain premises to her, subject, however, to a mortgage previously given by him to the tenant which is in possession of the disputed premises by virtue of foreclosure of the mortgage by sale and conveyance to itself.

The demandant contends that the mortgage deed did not purport to convey the demanded premises, and further, that after the mortgage was given the mortgagor, her grantor, acquired title thereto by adverse possession.

The appeal brings before us only questions of law apparent on the record. The findings of fact in the decision must be accepted as true, and if, upon all the facts thus disclosed and the reasonable inferences of which they are susceptible, the ultimate finding is justified as matter of law it must stand. *Burke* v. *Commonwealth,* 283 Mass. 63, 67. *Morse* v. *Chase,* 305 Mass. 504, 508.

Upon the facts found by the judge there was no error in his ruling that Horowitz purported to convey the demanded premises to the tenant under the mortgage deed which contained full covenants of warranty. Even if it could be found that his title thereto was imperfect at the time of the mortgage but that he later acquired title thereto by adverse possession, since he purported to convey the land in dispute to the tenant with full covenants of warranty, any title thereafter acquired by him would enure to the benefit of the mortgagee, the tenant. "It is the rule in this Commonwealth that a deed with full covenants of warranty estops a grantor who has an imperfect title or no title at all to the real estate conveyed, from setting up against the grantee or those claiming under him any later acquired title to the property and that such a later ac-

quired title inures to the benefit of the grantee and his successors in title. Persons claiming by descent or by grant under the grantor after the acquisition of later title are likewise estopped." *Mt. Washington Cooperative Bank* v. *Benard,* 289 Mass. 498, 500, and cases cited. *White* v. *Patten,* 24 Pick. 324, 326. *New Jersey* v. *Delaware,* 291 U. S. 361, 366.

There was no error in excluding the report of a master in another case in which the demandant was enjoined from obstructing a passageway abutting on the demanded premises. The title to the latter was not in issue in that case, and the tenant, which was a party, was bound only as to matters that were in fact decided and as to matters which as of right it was entitled to have decided in that suit. *Boston* v. *White Fuel Co.* 294 Mass. 258, 262.

*Decision affirmed.*