ROBERT TAYLOR & another[1] *vs.* GERALD S. LASSELL
& another,[2] trustees.

Essex.    March 12, 1976. — August 24, 1976.

Present: KEVILLE, GOODMAN, & ARMSTRONG, JJ.

*Real Property,* Easement.

Conveyance by the grantors of a parcel of land with a septic system
    encroaching upon an adjoining parcel did not create an implied
    easement for the encroachment where the grantors did not acquire
    the adjoining parcel until two years after the conveyance. [541]
Where the record in a proceeding to confirm an easement in favor of
    a parcel of land was insufficient to show that the parcel had been
    conveyed by warranty deed, there was no basis for a claim that an
    easement existed on the theory of estoppel by deed. [541-542]

BILL IN EQUITY filed in the Superior Court on May 1,
1973.

The suit was heard by *Good,* J.

*Richard C. Chambers* for the defendants.
*Jay J. Curley* for the plaintiffs.

KEVILLE, J.    The defendants (Lassells) appeal from a
judgment entered in the Superior Court ordering that they
grant to the plaintiffs (Taylors) and their successors in ti-
tle by a confirmatory deed an easement "over" a portion
of their land upon which a part of the Taylors' septic tank
system encroaches to give the Taylors access to that por-
tion of the Lassells' land for the purpose of maintaining
the system.

In 1961 the Lassells owned a lot numbered 15 Shore
Road in the town of Saugus upon which they built a house.
Following a survey by the town, the Lassells installed a

---

[1] Sandra Taylor.

[2] Patricia Lassell.

septic tank system which was inadvertently extended several feet into the neighboring lot, 6 Valley Street. In 1963, the Lassells, not having discovered the error, sold the property to Stavros. Thereafter the property was conveyed several times more before being purchased by the Taylors in 1973. In the meanwhile the Lassells in 1965 had purchased the abutting lot, 6 Valley Street, and in 1972 had built a house upon it. Subsequently, they installed a fence along the property line. It was after the Taylors had experienced difficulty with the septic system that they discovered that a portion of the system extended over the line into the Lassells' property.

The Taylors have brought this action to restrain a contemplated sale of the Lassells' property and to obtain an easement thereon. After a jury waived trial the judge found that in 1961 the Lassells owned both 15 Shore Road and 6 Valley Street and that they intended by implication that subsequent owners of 15 Shore Road would have an easement over the 6 Valley Street property for the purpose heretofore described. He found that there existed an easement by necessity in favor of succeeding grantees of 15 Shore Road which passed to them "by operation of law," citing G. L. c. 183, § 15,[3] without its having been mentioned in the deed from the Lassells to Stavros. Thereafter the judge denied the Lassells' motion for a rehearing but allowed their motion to correct an error among his findings which misnumbered 6 Valley Street.

Judgment was entered in this case on January 9, 1975. We have before us a transcript of the evidence. We accept the findings of the judge as true unless clearly erroneous; but we may find facts in addition to those found by him. *Zuckerman* v. *Blakeley*, 3 Mass. App. Ct. 685, 686-687 (1975). Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). See *Bartevian* v. *Cullen*, 369 Mass. 819, 820, n. 1 (1976).

---

[3] General Laws c. 183, § 15, provides that: "In a conveyance of real estate all rights, easements, privileges and appurtenances belonging to the granted estate shall be included in the conveyance, unless the contrary shall be stated in the deed, and it shall be unnecessary to enumerate or mention them either generally or specifically."

The record leaves no doubt that the judge erred in his finding that the Lassells owned both 15 Shore Road and 6 Valley Street at the same time. The record clearly demonstrates, as previously indicated, that they bought 6 Valley Street after they sold the Shore Road property. Therefore the judge's conclusion, based upon his misconception of that fact, was also erroneous since there was no common ownership by the Lassells of the two parcels from which, by a conveyance of one of them, an easement by implication could be created in favor of the parcel conveyed by the grantor. Compare *Jasper* v. *Worcester Spinning & Finishing Co.* 318 Mass. 752, 756 (1945); *Cummings* v. *Franco,* 335 Mass. 639, 642-643 (1957), and cases cited; *Perodeau* v. *O'Connor,* 336 Mass. 472, 473-475 (1957). Restatement: Property, § 474, pp. 2972-2975 (1944).

As the Lassells, when they sold 15 Shore Road, did not own the adjoining land into which their septic system intruded, their conveyance transferred no rights therein to Stavros. See *Darman* v. *Dunderdale,* 362 Mass. 633, 639 (1972). The burden of proving their claimed easement rested upon the Taylors as the parties asserting it. See *Mount Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 284 Mass. 100, 105 (1933); *Foley* v. *McGonigle,* 3 Mass. App. Ct. 746 (1975), and cases cited. The Taylors, conceding error in the finding by the judge of common ownership by the Lassells of both parcels of land, assert in their brief that the Lassells conveyed 15 Shore Road to Stavros by warranty deed and that by virtue of that deed an easement appurtenant to the Shore Road property was created by operation of the principle of estoppel by deed when the Lassells later became the owners of 6 Valley Street. We need not decide whether, had a warranty deed been given by the Lassells to Stavros, he or his successors in title might have asserted the covenants of that deed as the basis for such a claim since the record sheds no light upon what sort of deed was employed in that conveyance. There is, therefore, no basis for the Taylors' claim that an easement exists in favor of their land on the theory of estoppel by deed. See *Comstock* v. *Smith,* 13 Pick. 116,

119-120 (1832); *Doane* v. *Willcutt*, 5 Gray 328, 334 (1855); *Huzzey* v. *Heffernan*, 143 Mass. 232, 233-234 (1887); *Baumrin* v. *Cournoyer*, 414 F. Supp. 326 (D. Mass. 1976). Compare *Ayer* v. *Philadelphia & Boston Face Brick Co.* 159 Mass. 84, 87 (1893); *Horowitz* v. *Peoples Sav. Bank*, 307 Mass. 222, 224-225 (1940).

The judgment is reversed. A new judgment is to be entered dismissing the complaint.

*So ordered.*