hiatus. *Wolfson* v. *Sun Oil Co.* 357 Mass. 87, 89 (1970). *Raia* v. *Board of Appeals of No. Reading,* 4 Mass. App. Ct. 318, 322 (1976). The finding by the board and the judge that the grant of the variance would have no significant impact on traffic conditions in the area, though relevant to the quoted requirement, was insufficient without more. Compare *Planning Bd. of Springfield* v. *Board of Appeals of Springfield,* 355 Mass. 460, 462 (1969). The other factor relied upon by the judge, the proximity of the locus to a public library and to various commercial enterprises, was insignificant in light of the fact that the locus happens to be situated at the boundary between the residential zoning district in which it lies and a neighboring business district. The proximity of those uses is more appropriately a matter for consideration by the town under procedures for amending the by-law itself rather than by the board of appeals in granting variances thereunder. *Coolidge* v. *Zoning Bd. of Appeals of Framingham,* 343 Mass. 742, 745-746 (1962), and cases cited. Missing is any finding as to the overall effect of the proposed use of the locus upon other property within the same district, a necessary element in determining whether the statutory standard has been met. See *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston,* 324 Mass. 427, 431 (1949); *Everpure Ice Mfg. Co. Inc.* v. *Board of Appeals of Lawrence,* 324 Mass. 433, 438-439 (1949); *Benjamin* v. *Board of Appeals of Swansea,* 338 Mass. 257, 261-262 (1959); *DiRico* v. *Board of Appeals of Quincy,* 341 Mass. 607, 610-611 (1961). Compare *Cary* v. *Board of Appeals of Worcester,* 340 Mass. 748, 751-753 (1960). Nor, bearing in mind that the defendants had the burden of producing evidence in support of the missing finding (*Raia* v. *Board of Appeals of No. Reading,* 4 Mass. App. Ct. at 321), can we supply that finding on the basis of the meager evidence before us relating to the effect of the proposed use. See *Hunt* v. *Milton Sav. Bank,* 2 Mass. App. Ct. 133, 138-139 (1974). Compare *Cass* v. *Board of Appeal of Fall River,* 2 Mass. App. Ct. 555, 558 (1974). It follows that the variance was improperly granted. The judgment is reversed, and a new judgment is to be entered that the decision of the board of appeals was in excess of its authority and is annulled.

*So ordered.*

*Douglas A. Randall* for the Planning Board of Framingham.

*Aaron K. Bikofsky,* Town Counsel, for the Zoning Board of Appeals of Framingham.

*Robert J. Flynn* for Eamonn Trust.

JERRY LOUGGANES *vs.* NORMAN F. PLANTE. March 7, 1977. The defendant Plante appeals from a judgment of the Superior Court awarding damages to the plaintiff Lougganes for Plante's breach of an option given to Lougganes to purchase land belonging to Plante. The case is before us with a transcript of the evidence and the findings of the judge, which are not clearly erroneous. Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). *Taylor* v. *Lassell,* 4 Mass. App. Ct. 539, 540 (1976). There was evidence from which the judge could properly have concluded that Lougganes did not violate any obligation or understanding with his corporate employer in taking the option in his own name and paying for it with his own funds. The defendant was obliged under Mass.R.Civ.P. 8(c), 365 Mass. 750 (1974), to raise illegality as an affirmative defense. He may not raise that issue for the first time on appeal. See *Charm Tred Mills* v. *Erle P. Halliburton, Inc.* 202 F. 2d

294, 297 (7th Cir. 1953); *Radio Corp. of America* v. *Radio Station KYFM, Inc.* 424 F. 2d 14, 17 (10th Cir. 1970); *John R. Lewis Inc.* v. *Newman,* 446 F. 2d 800, 805 (5th Cir. 1971); *Stanish* v. *Polish Roman Catholic Union of America,* 484 F. 2d 713, 721 (7th Cir. 1973). See also Wright & Miller, Federal Practice and Procedure, § 1278 (1969). Moreover, we find no support in the evidence for the defendant's contention that enforcement would shock the conscience or contravene a fundamental principle of public policy. See *Barsky* v. *Hansen,* 311 Mass. 14, 17 (1942); *Adamsky* v. *Mendes,* 326 Mass. 603, 606-607 (1950); *Cadillac Automobile Co. of Boston* v. *Engeian,* 339 Mass. 26, 29-30 (1959). Contrast *Whitney* v. *Whitney,* 317 Mass. 253, 259 (1944).

*Judgment affirmed.*

*Edward J. Duggan (John D. Hughes* with him) for the defendant.
*Raymond A. Letourneau* for the plaintiff.