JEAN SERINO *vs.* ARTHUR B. SERINO. September 28, 1978. The husband appeals from a judgment nisi granted to his wife on the ground of cruel and abusive treatment in which she was awarded alimony and an assignment of a portion of the husband's property. The case comes here with a transcript of the evidence and the probate judge's findings of fact. Mass.R.Dom.Rel.P. 52a (1975). This couple were married in 1939 and are now in their sixties. They have two adult children. When the complaint was brought in 1975 they had been married for thirty-six years and had been separated for the past fourteen. In 1962 the wife was granted a decree of separate support which was twice thereafter modified to increase the weekly order for her support. The husband is a practicing physician who became affluent not only through his medical practice but through investments in real estate. When they were living together, the wife was not only a mother and a housewife but served as a factotum in the husband's medical office as well. Since their separation she has lived in relatively straitened circumstances with elderly parents. No purpose would be served by a recitation of the difficulties which have beset this marriage during the course of the years or by a detailed analysis of the parties' material assets which formed the basis for the judge's division of their property. Giving due regard to the opportunity of the trial court to judge of the credibility of the witnesses, it is our conclusion that the judge's findings, which are comprehensive, are not only not clearly erroneous (see *Taylor* v. *Lassell*, 4 Mass. App. Ct. 539, 540 [1976]; Mass.R.Dom.Rel.P. 52a) but are amply supported by the evidence. In respect to the judge's award of alimony and his assignment of a portion of the husband's real estate to the wife pursuant to G. L. c. 208, § 34, as appearing in St. 1975, c. 400, § 33, it is clear from the judge's findings that he gave the required consideration to all of the criteria set forth in § 34. *Bianco* v. *Bianco*, 371 Mass. 420, 423 (1976). *Rice* v. *Rice*, 372 Mass. 398, 401 (1977). *Putnam* v. *Putnam* 5 Mass. App. Ct. 10, 14-15 (1977). *Daigle* v. *Daigle*, 5 Mass. App. Ct. 847 (1977). Furthermore, contrary to the husband's assertion, we do not conclude that the judge erred in his determination, based upon the husband's manifest intention, that a certain parcel of real estate was owned by the husband rather than by the children. Even assuming that this were not so, we conclude that other assets of the husband formed an appropriate basis for the award of alimony and the equitable property division which was made. Nor do we find merit in the husband's contention that the judge failed in

his division of the husband's property to give consideration to land in New Hampshire which was jointly owned by the husband and the wife. Finally, there was no abuse of discretion in the award of counsel fees to counsel for the wife to be paid by the husband. *Clifford* v. *Clifford*, 354 Mass. 545, 548 (1968). *Gould* v. *Gould*, 359 Mass. 29, 33 (1971). G. L. c. 208, § 38. The record shows that the husband's objection to the award was based only upon his contention that the wife was not entitled to a divorce, and therefore that her counsel fees should not have been imposed upon him, and not that the amount of the award was unreasonable. Costs and expenses of appeal, including counsel fees, are to be awarded in the discretion of the Probate and Family Court Department.

*Judgment affirmed.*

*Stanley S. Ganz* (*Charles H. Riley, Jr.*, with him) for Arthur B. Serino.

*Monore L. Inker* (*Donald G. Tye* with him) for Jean Serino.