Toomey, J.
Plaintiff brought the present action to quiet title to certain property located at 9 Pine Arden Road in West Boylston. The property was granted to defendants Jane and Richard Meagher, as tenants by the entirety, by deed dated February 15, 1972. Plaintiff claims ownership of Richard Meagher’s interest in the locus by virtue of a sheriffs deed dated March 10,1993 *440 and of Jane Meagher’s interest by her deed dated July 19, 1993.
Plaintiff now moves for summary judgment as against Richard and Jane Meagher arguing that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law.[2] Richard Meagher has not filed an opposition to plaintiffs motion. Jane Meagher, however, argues that plaintiff is not entitled to judgment against her because her attempt to transfer to plaintiff her right of survivorship is void under common law. For the following reasons, plaintiffs motion for partial summary judgment is ALLOWED as to defendant Richard Meagher, DENIED as to defendant Jane Meagher, and, as there are no material facts in dispute, judgment pursuant to Mass.R.Civ.P. 56(c), is hereby ENTERED in favor of Jane Meagher.
BACKGROUND
The following facts are agreed upon by the parties.
Richard and Jane Meagher, as tenants by the entirety, purchased the locus by deed dated February 15, 1972 and recorded at the Worcester District Registry of Deeds, Book 5196, Page 146.
On June 18, 1991, plaintiff filed a claim against Richard Meagher, in Worcester District Court, for unpaid office rent. The District Court granted plaintiff three attachments upon the locus for his claims; the first, dated June 18, 1991, in the amount of $8402.46 was recorded at said Registry Book 13465, Page 200; the second dated January 9, 1992, in the amount of $30,000 was recorded at said Registry Book 13880, Page 326; and the third, dated August 26, 1992 in the amount of $25,000 was recorded at said Registry Book 14473, Page 267.
On May 19, 1992, Jane Meagher recorded a declaration of Homestead in said Registry at Book 14232, Page 242. On December 4, 1992, First National Bank of Boston obtained an attachment against Jane Meagher in the amount of $120,000 and recorded at said Registry, Book 14899, Page 259.[3]
On November 30, 1992, plaintiff obtained an execution in the amount of $55,013.88 against Richard Meagher. By instrument dated December 8, 1992 and recorded at said Registry, Book 14779, Page 12, plaintiff levied against Richard Meagher’s interest in the locus. Richard Meagher, however, had on November 27, 1992 filed a petition for bankruptcy in the U.S. Bankruptcy Court, Worcester, Docket No. 93-43662. Plaintiff subsequently obtained a lift of the automatic stay in bankruptcy, which had rendered the levy ineffective, and again seized Richard Meagher’s interest in the locus by instrument dated March 10, 1993 and recorded at said Registry, Book 15008, Page 134.
On May 20, 1993 the sheriff conducted a sale of Richard Meagher’s interest in the locus and plaintiff purchased same for $59,501.80, the full value of the execution at that time. The sheriff then conveyed Richard Meagher’s interest in the locus to plaintiff by deed dated May 20, 1993 and recorded at said Registry Book 15205, Page 171.
Plaintiff filed suit for possession and rent against Richard and Jane Meagher in the Housing Court, Worcester, Docket No. 93-SP955. On June 29, 1993, plaintiff and Jane Meagher entered into an Agreement for Judgment in the Housing Court case. Said agreement provided that Jane Meagher would execute a deed transferring her interest in the locus to plaintiff and that, in return, plaintiff would allow Jane Meagher to remain in possession of the locus, rent free, until July 1, 1996. In consequence of said agreement with plaintiff, Jane Meagher transferred “all of her right, title and interest in” the locus to plaintiff by deed dated July 29, 1993 and recorded at said Registry Book 15412, Page 237. Richard Meagher was not a party to the agreement or the deed.
On September 8, 1993, First National Bank of Boston recorded its execution in the amount of $148,038.32 and levied upon Jane Meagher’s interest in the property by instruments recorded at said Registry Book 15539, Pages 59 and 60.
DISCUSSION
The Meaghers took title to the locus as tenants by the entirety prior to February 11, 1980, the effective date of the current G.L.c. 209, §1. Accordingly, common law principles relating to the tenancy by the entirety will govern the disposition of the instant motion. Turner v. Greenaway, 391 Mass. 1002 (1984). The controlling common law principles have been stated thus:
At common law in such a tenancy the husband and wife are seised of the estate so granted as one person, and not as ordinary joint tenants or tenants in common, and an incident of such an estate is that the survivor of the marriage is entitled to the whole, a right which one cannot destroy without the assent of the other . . . There can be no severance of such estate by the act of either alone without the assent of the other, and no partition during their joint lives, and the survivor becomes seised as sole owner of the whole estate regardless of anything the other may have done . . . Additionally, at common law, the husband in a tenancy by the entirety was entitled to exclusive possession and control of the property. The wife’s interest in the tenancy consisted exclusively of her right of survivorship. If her husband predeceased her, the wife became the sole owner with all the rights of ownership. This right of survivorship in a tenancy by the entirety was indestructible. Although an individual creditor of the husband could levy and sell on execution his interest in the tenancy, and dispossess both the husband and wife, the property always remained subject to the wife’s survivorship right, and if the *441 husband died before the wife, the creditor lost all of his interest. The wife’s right of survivorship was not attachable by her individual creditors nor alienable by her.
Coraccio v. Lowell Five Cents Savings Bank, 415 Mass. 145, 148-50 (1993) (citations omitted).
At common law, the husband’s interest in a tenancy by the entirety was subject to attachment and levy by his individual creditors. Id. Plaintiff was fully entitled to levy upon Richard Meagher’s interest. Plaintiffs instant attachments, execution, and levy upon Richard’s interest are accordingly, in order.[4] Jane Meagher’s declaration of Homestead, filed on May 19, 1992, does not affect plaintiffs levy against Richard because the levy was for a debt arising prior to the acquisition of the Homestead. G.L.c. 188, §(2). As between plaintiff and Richard Meagher, therefore, plaintiff is the rightful owner of Richard Meagher’s former interest.
A wife, however, was disabled, at common law, from selling her interest in a tenancy by the entirety without the assent of her husband; furthermore, her individual creditors could not attach her interest. Licker v. Gluskin, 265 Mass. 403, 407 (1928). Her “sole deed” was absolutely void. Id. Whether the rationale for such a rule is based upon the ancient common law incapacity of a wife to deed her real property or upon the contingent nature of the interest itself, id. at 405-07, Jane Meagher’s interest in the locus was clearly subject to the precept of inalienability. Turner v. Greenaway, 391 Mass. 1002 (1984).
Plaintiff argues that either his levy upon Richard Meagher’s interest or Jane Meagher’s attempt to transfer her interest constituted a dissolution of the tenancy by the entirety, and, accordingly, Jane Meagher was thereafter enabled lawfully to transfer her interest.[5] This contention is inconsistent with the essence of the estate and in direct contradiction to the protections afforded by the estate. Neither spouse, acting alone, can dissolve the tenancy. Coraccio v. Lowell Five Cents Savings Bank, 415 Mass. 145, 148-50 (1993). Notwithstanding either the levy by plaintiff or the conveyance by Jane, the quality of the estate could not change and the quality of Jane Meagher’s interest could not change. Accordingly, Jane retained a right of survivorship which was not alienable by her or subject to the attachment of her individual creditors.
The same result must be reached as a practical matter. Prior to the levy upon Richard Meagher’s interest, Jane Meagher held a right of survivorship which could not be attached by her individual creditors and which was not alienable by her without her husband’s assent. Her husband failed to pay his office rent, for which Jane was not obligated, and, because of his failure, plaintiff levied upon the husband’s interest in the property. It is clear that Jane Meagher cannot be dispossessed of her right of survivorship because of her husband’s failings. It is equally clear that Jane Meagher cannot be divested of the protection from her individual creditors which she enjoyed prior to her husband’s defalcations. If the actions of Richard Meagher were insufficient, at law, to transform Jane Meagher’s interest to the end that her individual creditors, such as the First National Bank of Boston, could reach her interest, there would be a fundamental illogic, and perhaps even a fraud upon the Bank, were this court to hold that she, by Richard’s conduct, gained the power to sell her interest to plaintiff. In sum, plaintiff may rely neither on his levy nor Jane’s deed to extinguish Jane’s tenancy by the entirety.
Plaintiffs further arguments are similarly unpersuasive. Plaintiff does not have standing to raise Jane Meagher’s rights under the Equal Rights Act, and, even if he did, the peculiar quality of the tenancy by the entirety is an exception to the Act because such an estate is “otherwise provided or permitted by law.” G.L.c. 93, §102. In addition, plaintiff has no standing to raise an argument based upon Jane Meagher’s constitutional rights. Friedman v. Harold, 638 F.2d 262, 265-66 (1981); see also West v. First Agricultural Bank, 382 Mass. 534, 552 (1981) (discussing constitutionality of tenancy by the entirety and holding that any decision would impact tenancies created after the decision). The doctrine of estoppel by deed does not apply here because the failure of Jane Meagher’s deed to transfer title results not from an attempt to transfer something she did not own, but rather, from her attempt to transfer that which the law barred her from transferring. See Mt. Washington Cooperative Bank v. Benard, 289 Mass. 498, 500 (1935). And, finally, the Housing Court judgment does not have preclusive effect upon the determination of whether Jane Meagher can transfer her right of survivorship because that court’s mere acceptance of the Agreement for Judgment did not constitute a determination of the efficacy of the conveyance in light of the restrictions imposed by law upon her estate. See Gloucester Marine Railways Corp. v. Charles Parisi, Inc., 36 Mass.App.Ct. 386, 390 (1994) (claim preclusion requires final judgment on the merits).
ORDER
For the foregoing reasons plaintiffs motion for partial summary judgment is ALLOWED as to defendant Richard Meagher, DENIED as to defendant Jane Meagher, and summary judgment is hereby ENTERED in favor of Jane Meagher pursuant to Mass.R.Civ.P. 56(c). The following Declaration is hereby ORDERED:
1. As between plaintiff and Richard Meagher, plaintiff is the rightful owner of Richard Meagher’s interest as a tenant by the entirety in the locus created by deed dated February 15, 1972 and recorded at the Worcester District Registry of Deeds, Book 5196, Page 146; the sheriffs deed dated May 20, 1993 and recorded at *442 said Registry at Book 15205, Page 171 is declared valid.
2. As between plaintiff and Jane Meagher, Jane Meagher is the rightful owner of her interest as a tenant by the entirety in the locus created by deed dated February 15, 1972 and recorded at the Worcester District Registry of Deeds, Book 5196, Page 146; the deed dated July 29, 1993 and recorded at said Registry Book 15412, Page 237 is hereby declared void.

By supplement, at pleading, plaintiff withdrew his motion as it applies to Baybank.

The papers do not describe the underlying claim by First National.

Richard’s omission to oppose the motion at bar is thus explained by the legitimacy of plaintiffs claims as to Richard’s interests.

Plaintiff cites Brown v. City of Boston, 353 Mass. 740 (1968), as support for his contention. That case involved a tax foreclosure, which does destroy a tenancy by the entirety, and a wife’s attempt to mortgage and redeem her property without any cooperation by her husband. Id. The court specifically stated, however, that it did not decide whether the wife’s actions could destroy the husband’s interest in the tenancy by the entirety. Id.